# Exhibit 31

| **From:** | Keegan,Patrick James |
| --- | --- |
| **Sent time:** | 04/26/2024 09:12:03 AM |
| **To:** | Wright,Rebecca A <rebeccawright@ufl.edu> |
| **Cc:** | Cancellieri, Robert L. <rcancellieri@ufl.edu> |
| **Subject:** | RE: Grievance Filing Step 3 Arbitration- (Grievant: Prof. Oscar D. Crisalle) - 2022-2023 Annual Evaluation |
| **Attachments:** | Step 2 Response.pdf |

Thanks,

Patrick

*CONFIDENTIAL INFORMATION: The information contained in this electronic message and any attachments to it are intended for the exclusive use of all addressees and may contain confidential information related to matters of collective bargaining. If you are not the intended recipient, please destroy all copies of this message and attachments and immediately notify this office by sending a reply e-mail to the sender.  Thank you.*

---

**From:** Wright,Rebecca A <rebeccawright@ufl.edu>
**Sent:** Friday, April 26, 2024 8:49 AM
**To:** Keegan,Patrick James <pkeegan@ufl.edu>
**Cc:** Cancellieri, Robert L. <rcancellieri@ufl.edu>
**Subject:** FW: Grievance Filing Step 3 Arbitration- (Grievant: Prof. Oscar D. Crisalle) - 2022-2023 Annual Evaluation

Patrick, could you please share a copy of the step 2 decision for our records?  Thanks.  Rebecca

Rebecca A. Wright, SPHR, SHRM-SCP
Associate Director of Employee Relations & Engagement
University of Florida | Human Resources
Main: 352-392-6615 |Dir: 352-273-1721 | Fax: 352-392-1726
903 West University Ave, Gainesville, FL 32601
rebeccawright@ufl.edu



---

**From:** Oscar D. Crisalle <crisalle@gmail.com>
**Sent:** Thursday, April 25, 2024 6:17 PM
**To:** . HR Employee Relations <EmployeeRelations@hr.ufl.edu>; Keegan,Patrick James <pkeegan@ufl.edu>
**Cc:** Debra Vaughan <dvaughan@eganlev.com>; Churchill L. Roberts, III <gcroberts3@gmail.com>; Allison Clarke <allison.clarke@floridaea.org>; richard siwica <rsiwica@eganlev.com>; Marquel Ramirez <mramirez@eganlev.com>
**Subject:** Grievance Filing Step 3 Arbitration- (Grievant: Prof. Oscar D. Crisalle) - 2022-2023 Annual Evaluation

**[External Email]**
Re: Grievance No. UFF-2023-11-20-00164

Dear Human Resources Representative:

I am filing the grievance form attached to this communication.

Thank you.

Oscar D. Crisalle
University of Florida Distinguished Teaching Scholar
Grievance Officer, University of Florida Chapter of the United Faculty of Florida

Mb. Phone:  (352) 870-6114
E-mail:  crisalle@gmail.com
-----------------------------------------------------------------------------------------------------------------



Sent via email to
crisalle@gmail.com &
rsiwica@eganlev.com &
dvaughan@eganlev.com

April 12, 2024

Oscar Crisalle
Former Professor Chemical Engineering

Dear Dr. Crisalle:

This letter constitutes the University's response to Grievance #1120-00164, filed by you on November 20, 2023. I was the Grievance Officer at the Step 2 Grievance Review Hearing held via Zoom on April 1, 2024, at 2:00 p.m. In addition to you and me meeting via Zoom, Mr. Richard Siwica (your legal representative), Dr. Allison Clarke (UFF Service Unit Director), and UF Senior Counsel Olivia Weisman also attended the meeting. I should note for the record that the Step 2 Grievance Review Hearing was delayed at the Union's request.

The Grievance relates to your 2022-2023 Annual Letter of Evaluation dated May 3, 2023. In the Grievance, you alleged violations of the following University Regulations and/or articles of the UF-UFF Collective Bargaining Agreement (CBA) and the Chemical Engineering Bylaws (CHEBL):

- Articles 10, 11, 18 and related sections and articles in the CBA
- Article 2
- All other applicable sections and articles of the CBA
- Article 4 and related sections in the CHEBL

A Step 1 Grievance Hearing was held on January 26, 2024 with Associate Dean Toshikazu Nishida. The Step 1 decision denying the Grievance was issued on January 31, 2024. I have considered the evidence presented verbally and visually at the Step 2 Grievance Review Hearing in addition to the written documents including the statement of grievance and all attachments.

CBA article 28.5 states:
  (a) In all grievances except grievances involving disciplinary action brought pursuant to ARTICLE 27 the burden of proof shall be on the faculty member.
  (b) In grievances involving disciplinary action, the burden of proof shall be on the University.

The substantive matter of this grievance involves an annual evaluation, which is not a form of disciplinary action. Based on the language of the CBA Article 28.5(a), the burden of proof is on the faculty member. At the Step 2 Grievance Review Hearing, Mr. Siwica claimed that since the 2022-2023 Annual Letter of Evaluation was used as a basis for the termination of your employment on February 26, 2024, the burden of proof for this Grievance is on the University. To support this position, Mr. Siwica referred to "General Labor Law" and referred to a "General Duty of Fairness" set forth in the contract. When asked for clarification and/or a specific contract provision that would cause the burden of proof to be shifted to the University, Mr. Siwica refrained from providing a specific reference, only more generalized assertions. I am not compelled by the arguments by the Grievant to reassign the burden of proof to the University,

UF RESP. 1RFP000915

which would be in contravention of the clear and unambiguous language of CBA Article 28.5.

During the Step 2 Grievance Review Hearing, Mr. Siwica stated that since the burden of proof was shouldered by the University in this case that the Grievant was relying on the arguments set out in the Grievance including the general obligation to treat people fairly in the evaluation process. He did invite you to provide some additional remarks, which are considered herein.

My decision will focus on the allegations contained within the Grievance as filed, namely:
"The Annual Letter of Evaluation ignores provisions in the CBA and CHEBL articles, denying the grievant an opportunity to be evaluated in a fair and accurate fashion according to specified criteria. The evaluation process was conducted in a capricious and arbitrary fashion.

"The expectations for future performance are capricious, arbitrary and include practically unfeasible expectations. The list of expectations includes items that are not objective or specific, not measurable, not relevant, not achievable, or not agreed. The list of expectations includes items that stand in violation of the CBA and the CHEBL documents.

"CBA ARTICLE 10, ACADEMIC FREEDOM AND RESPONSIBILITY. The university did not satisfy its obligation to evaluate the grievant fairly and accurately, among other violations.

"CBA ARTICLE 11, NONDISCRIMINATION. The university did not satisfy its obligation to evaluate the grievant in a fashion that ensures that the evaluation is based solely on job-related criteria and performance, and by subjecting the grievant to discriminatory conditions relative to other tenured and tenure-track employees of the University of Florida, among other violations.

"CBA ARTICLE 18, FACULTY MEMBER PERFORMANCE EVALUATIONS AND EVALUATION FILE. The university did not satisfy its obligation to evaluate the grievant in a fashion consistent with CBA provisions, including but not limited to violations of the CBA criteria for faculty evaluation and the department clarifications of such criteria, and the inclusion of statements contrary to fact, among other violations.

"CHEBL ARTICLE 4, ANNUAL PERFORMANCE EVALUATION CRITERIA FOR TENURE TRACK FACULTY. The University did not satisfy its obligation to evaluate the grievant in a fashion consistent with the CHEBL, including failure to follow standards and procedures specified in the bylaws to assess satisfactory performance, adoption of capricious and arbitrary metrics of performance, and assertion of claims justified by references to CHEBL articles that are irrelevant to the annual evaluation process, among other violations."

You claimed, during the Step 2 Grievance Review Hearing, that due to a significant amount of time away from work in the 2022-2023 academic year, the evaluation was unfair. You also claimed that the Department Chair did not have your Faculty Activity Report (FAR) and, therefore, failed to consider all the relevant activities for the evaluation period. You also claimed that there is a single committee meeting at which your attendance is disputed between your account and the account of the Department Chair. Clear is that you were absent from work for a period of time during the 2022-2023 Academic Year. Unclear is how that absence intrinsically precludes a fair and accurate evaluation of your work during the time periods that you were not absent. In the letter of evaluation, the Department Chair noted, "I have considered these relative periods of leave and active duty when applying the annual performance evaluation criteria for tenure track faculty described in Article 4 of the CHE Department Bylaws." There is no provision in the CBA nor in the CHEBL which would excuse you from receiving an annual evaluation during this period. Furthermore, while the Department Chair may not have had your FAR, this

UF RESP. 1RFP000916

item is generated by the faculty member and had been requested multiple times by the Department Chair. CBA Article 18.7(c) states, "Each faculty member shall submit to the chair the faculty member's annual report no later than April 15." To date, there is no evidence that you ever submitted your FAR even in response to the evaluation which you dispute.

You also claimed that due to your abbreviated time in the classroom that the student evaluations were biased. You also asserted that the Department Chair visited the classroom which in some way biased the student evaluations but failed to provide any specific causal link between the chair visiting the classroom and the biased student evaluations. Without more specific evidence that the Department Chair inappropriately influenced the student evaluations, I do not find this allegation compelling.

With respect to CBA Article 10, you and Mr. Siwica both referenced the concept of fairness. You provided some information about inaccuracies, specifically the one meeting event that you disputed, but there was a lack of specific evidence to demonstrate how this article was violated.

With respect to CBA Article 11, other than the statement in the Grievance, no evidence was presented that would indicate that the behavior of the Department Chair was discriminatory or that the Department Chair relied on criteria that were unrelated to your job performance.

With respect to CBA Article 18, other than the FAR dispute as described above, no evidence was presented that the Department Chair deviated from the criteria outlined in the CBA and clarified in the Department Bylaws. Additionally, CBA Article 18.7 provides an opportunity for faculty members to respond to annual evaluations in writing prior to them being finalized. You were provided one month from the date you received the evaluation to respond with any corrections, but you elected not to respond.

With respect to CHEBL Article 4, despite the statement contained within the Grievance itself, no evidence was presented to demonstrate that the Department Chair failed to follow standards and/or procedures. No evidence was presented that the Department Chair adopted metrics of performance that were capricious or arbitrary. With respect to the student evaluations, you received scores that were significantly below both Departmental and College means. With respect to supervising and mentoring students, it appears that you received guidance to increase this activity for at least four previous years and yet, there was no evidence of any mentoring or supporting of any graduate students for the period of this evaluation. With respect to research, based on the evidence available, it appears that you had no research expenditures nor submitted any research proposals. The Department Chair offered you an opportunity to correct the information in the evaluation, writing, "If you believe this information may be in error, please let our staff know so that it may be amended." It appears you received guidance to increase this activity for at least four previous years and yet, there was no evidence of any research activity for the period of this evaluation. I note that the Grievance does not demonstrate how, or even if, this information is inaccurate, but rather claims that the application of the metrics was inappropriate.

You did not provide specific reference or clarification with respect to CBA Article 2. Unclear is how CBA Article 2 applies to this matter.

You did not provide specific reference or clarification with respect to CBA Article 11. Unclear is how CBA Article 11 applies to this matter.

Decision

Based on all the evidence, you have not met your burden of proving that the University violated CBA Articles 2, 10, 11, 18 nor CHEBL Article 4, nor any other relevant provision contemplated within the Grievance.

UF RESP. 1RFP000917

The Grievance is denied.

Sincerely,

Patrick Keegan, Ed.D.
Chief Labor Negotiator


Cc:    Meera Sitharam, President, UFF-UF
       Robert Cancellieri, Director, Employee Relations and Engagement
       Richard Siwica, Attorney
       Debra Vaughan, Assistant to Richard Siwica

UF RESP. 1RFP000918