# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**UNITED FACULTY OF FLORIDA,**
et al.,

    *Plaintiffs,*

v.                                                     Case No.: 1:24cv136-MW/MAF

**BRIAN LAMB, in his official capacity**
**as Chair of the Florida Board of Governors,**
et al.,

    *Defendants.*

_____/

## ORDER REQUIRING PLAINTIFF UFF-FSU'S RESPONSE

This Court is in the process of evaluating the parties' cross-motions for summary judgment. This Court previously granted in part Defendants' motion to dismiss insofar as Plaintiff UFF-FSU lacked standing. *See* ECF No. 39 at 36. In so doing, this Court found that UFF-FSU insufficiently alleged a basis for organizational and associational standing to defeat Defendants' motion to dismiss. *Id.* at 5–13. However, this Court did not address Plaintiffs' alternate argument that they and their members are injured directly by the nullification of the bargained-for arbitration provision in their Collective Bargaining Agreements and their inability to negotiate for such provisions going forward. Plaintiffs did not move for reconsideration of that Order.

Now, at summary judgment, this Court has considered Plaintiffs' alternate argument that "they have direct standing . . . because their contractual rights have been impaired," ECF No. 46 at 22 n.6, as applied to the current Plaintiffs in this case. This Court finds that argument persuasive at summary judgment but recognizes accepting it here may be inconsistent with its prior dismissal of Plaintiff UFF-FSU.

This Court recognizes it may reconsider a non-final order "at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). However, this Court notes UFF-FSU did not previously move for reconsideration, and this Court would hear from the impacted party before unilaterally acting. Accordingly, Plaintiff UFF-FSU has several options: (1) this Court can revisit its prior dismissal and reopen the case as to UFF-FSU before ruling on the parties' summary judgment motions, (2) because UFF-FSU's claim was dismissed without prejudice, UFF-FSU may file a new claim, or (3) this Court can proceed with evaluating summary judgment as to UFF-UF and UFF only, and UFF-FSU may ultimately cross-appeal once this Court enters judgment. UFF-FSU shall file a notice with this Court indicating its preference of

these options, if any, **on or before Friday, January 30, 2026**.[1]

**SO ORDERED on January 27, 2026.**

<u>**s/Mark E. Walker**</u><br>**United States District Judge**

---

[1] While Plaintiff UFF-FSU has been dismissed, it is represented by the same lawyers as current Plaintiffs UFF and UFF-UF.