**UNITED FACULTY OF FLORIDA,**
**et al.,**

       *Plaintiffs,*

v.                                   **Case No.: 1:24cv136-MW/MAF**

**BRIAN LAMB, in his official capacity**
**as Chair of the Florida Board of Governors,**
**et al.,**

       *Defendants.*

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This Court has considered, without hearing, Plaintiffs' motion for reconsideration, ECF No. 66, and Defendants' response in opposition, ECF No. 67.

This Court previously dismissed Plaintiff UFF-FSU for lack of standing. *See* ECF No. 39. At summary judgment, this Court considered Plaintiffs' argument that the remaining Plaintiffs, UFF-UF and UFF, have "have direct standing . . . because their contractual rights have been impaired." ECF No. 46 at 22 n.6. This Court subsequently issued an Order explaining that it "finds that argument persuasive at summary judgment but recognizes accepting it here may be inconsistent with its prior dismissal of Plaintiff UFF-FSU." ECF No. 62 at 2. This Court offered UFF-FSU several options of how to proceed, *see id.*, and UFF-FSU requested that this Court "revisit its prior dismissal and reopen the case as to UFF-FSU before ruling

on the parties' summary judgment motions," ECF No. 63 at 1. Plaintiffs then filed the instant motion for reconsideration. ECF No. 66.

At reconsideration, Plaintiffs argue that UFF-FSU has standing because the challenged statute, section 1001.741(2), Florida Statutes, "strips their contractual right to arbitrate employment-related disputes and blocks their ability to bargain for such provisions in the future, and that direct injury is redressable through an injunction issued by this Court." ECF No. 66 at 2. Defendants' response is twofold. First, they dispute that "a loss of a contractual right, by itself, is enough to confer standing." ECF No. 67 at 2. Second, they argue that "even if UFF-FSU had the contractual right to represent its members in arbitration, UFF-FSU no longer has that right" because UFF-FSU and FSU have negotiated a new CBA. *Id.* at 3.

As this Court said before, it finds "persuasive" the argument that a plaintiff can be injured by the nullification of a bargained-for contractual term. *See* ECF No. 62 at 2; *see also Alachua Cnty. Educ. Ass'n v. Carpenter*, 757 F. Supp. 3d 1248, 1254 (N.D. Fla. 2024) ("Union Plaintiffs with CBAs have demonstrated an injury in fact—namely, the payroll deduction ban nullifies an express term of their CBAs."). But this Court need not decide the issue in this Order because, even if the nullification of a contractual term can satisfy the injury-in-fact requirement, UFF-FSU has not demonstrated such an injury here.

2

As Defendants point out, UFF-FSU and FSU have agreed to a new CBA. That CBA explicitly forbids arbitration as proscribed by section 1001.741, but provides that if section 1001.741 is struck down, arbitration may proceed. ECF No. 66-1 at 104 (§ 20.8(e)(3)). Therefore, no term of UFF-FSU and FSU's existing CBA has been nullified by section 1001.741. Instead, the CBA explicitly contemplates the law's effect on arbitration. It is written to comport with section 1001.741 and only allows arbitration if the law is enjoined or amended by the legislature. *See* ECF No. 66-1 at 104 (§ 20.8(e)(3)).[1] Because section 1001.741 does not nullify any express term of UFF-FSU's CBA, UFF-FSU cannot proceed on such a theory of injury.

Plaintiffs also argue that because section 1001.741 prohibits arbitration provisions, UFF-FSU is also injured because its ability to "bargain for arbitration" in the future. But UFF-FSU and FSU have already agreed to their CBA, which does not presently allow arbitration. Without an explanation of why an injury to UFF-FSU's ability to bargain is "certainly impending," it is a purely speculative "possible

---

[1] Plaintiffs argue that the fact that "FSU's CBA contains a conditional provision that would immediately restore arbitration rights if the Arbitration Ban is struck down[] irrefutably confirm[s] both injury and redressability." ECF No. 66 at 2. But Plaintiffs offer nothing to support the proposition that a condition precedent such as this gives rise to a contractual right for purposes of the standing analysis.

future injury" that cannot give rise to standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

Accordingly, Plaintiffs' motion for reconsideration, ECF No. 66, is **DENIED**.

**SO ORDERED on March 17, 2026.**

**s/Mark E. Walker**
**United States District Judge**