**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**UNITED FACULTY OF FLORIDA,**
**et al.,**

***Plaintiffs,***

**v.** **Case No.: 1:24cv136-MW/MAF**

**BRIAN LAMB, in his official capacity**
**as Chair of the Florida Board of Governors,**
**et al.,**

***Defendants.***
**______________________________/**

**ORDER GRANTING MOTION FOR CLARIFICATION, VACATING JUDGMENT, AND ENTERING NEW JUDGMENT**

This Court has considered, without hearing, Defendants' unopposed motion seeking clarification and/or relief from judgment. ECF No. 74. Specifically, Defendants seek an amendment of the judgment to reflect an injunction of only the first two sentences of section 1001.741(2), and not the entire section, to comport with the substance of this Court's Order on Cross-Motions for Summary Judgment. Defendants report that Plaintiffs do not oppose Defendants' motion "so long as it is cabined to the third and final sentence of Fla. Stat. 1001.741(2)." *Id.* at 7. While it appears all parties understood this Court's Order and the intended scope of the injunction, this Court agrees that the proposed amendment to the judgment reflects the substance of this Court's Order and makes explicit what was otherwise implicit.

Accordingly,

**IT IS ORDERED:**

1. Defendants' unopposed motion for clarification and/or relief from judgment, ECF No. 74, is **GRANTED**.
2. The Clerk is directed to **VACATE** the judgment, ECF No. 73.
3. The Clerk shall enter a new judgment stating:

"This Court hereby **DECLARES** that the first two sentences of section 1001.741(2), Florida Statutes, is preempted by the Federal Arbitration Act, 9 U.S.C. § 2. This Court **GRANTS** Plaintiffs' request for a permanent injunction. Neither Defendants Brian Lamb; Alan Levine; Manny Diaz, Jr.; Ashley Bell Barnett; John Brinkman; Timothy M. Cerio; Aubrey Edge; Patricia Frost; Carson Good; Edward Haddock; Ken Jones; Charles H. Lydecker; Craig Mateer; Jose Oliva; Amanda J. Phalin; Eric Silagy—all in their official capacities as members of the Florida Board of Governors of the State University System—nor Defendants Morteza Hosseini; Rahul Patel; David L. Brandon; Richard P. Cole; Cristopher T. Corr; James W. Heavener; Sarah D. Lynne; Daniel T. O'Keefe; Marsha D. Powers; Fred S. Ridley; Patrick O. Zalupski; Anita G. Zucker; John Brinkman—all in their official capacities as members of the University of Florida Board of Trustees—nor their successors in office, deputies, officers, employees, agents, nor any

person in active participation or concert with Defendants shall enforce, nor permit enforcement of, the first two sentences of section 1001.741(2), Florida Statutes as to the University of Florida Chapter of the United Faculty of Florida and its members and any members of the United Faculty of Florida who are also members of the University of Florida Chapter of the United Faculty of Florida. Defendants and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order. Finally, the Florida State University Chapter of the United Faculty of Florida's claims against the members of the Board of Governors and the members of the FSU Board of Trustees are **DISMISSED for lack of jurisdiction**."

5. The Clerk shall close the file.

**SO ORDERED on April 6, 2026.**

**s/Mark E. Walker**
**United States District Judge**