# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

UNITED FACULTY OF FLORIDA et al

VS

USDC NO. 1:24-cv-00136-MW-MAF
USCA NO. _____________

LAMB et al

## TRANSMITTAL OF NOTICE OF APPEAL

The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. The Certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

First Appeal Notice.
There was no hearing from which a transcript could be made.
Judge/Magistrate Judge appealed from: JUDGE MARK E WALKER

Please acknowledge receipt on the enclosed copy of this transmittal to: GAINESVILLE DIVISION

JESSICA J. LYUBLANOVITS,
CLERK OF COURT

By: KELLI MALU
Deputy Clerk
401 SE 1st Avenue, Ste 243
Gainesville, Florida 32601

May 6, 2026

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

UNITED FACULTY OF FLORDA,
*et al.*,

*Plaintiffs*,

v. No.: 1:24-cv-136-MW-MAF

BRIAN LAMB, in his official capacity
as Chair of the Florida Board of
Governors, *et al.*,

*Defendants*.
_______________________________________/

# NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 1291 and Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, the Defendants identified below ("the appealing Defendants") hereby give notice of their appeal to the U.S. Court of Appeals for the Eleventh Circuit from the final decision of the district court, i.e., the Judgment entered on April 6, 2026, which declared that the first two sentences of Section 1001.741(2), Florida Statutes, are preempted by the Federal Arbitration Act and granted a permanent injunction. *See* Judgment (Doc. 76) (attached hereto as Exhibit 1). The district court's Judgment was based on its Order on Cross-Motions for Summary Judgment (Doc. 72) (attached hereto as Exhibit 2), and its Order Granting Motion for Clarification, Vacating Judgment, and Entering New Judgment (Doc. 75) (attached hereto as Exhibit 3). Both of those Orders are also appealed here. The

appealing Defendants also appeal from all subsidiary rulings incorporated in the Judgment and above-referenced Orders.

The appealing Defendants are: Brian Lamb, Alan Levine, Manny Diaz, Jr., Ashley Bell Barnett, John Brinkman, Timothy M. Cerio, Aubrey Edge, Patricia Frost, Carson Good, Edward Haddock, Ken Jones, Charles H. Lydecker, Craig Mateer, Jose Oliva, Amanda J. Phalin, Eric Silagy, Morteza Hosseini, Rahul Patel, David L. Brandon, Richard P. Cole, Christopher T. Corr, James W. Heavener, Sarah D. Lynne, Daniel T. O'Keefe, Marsha D. Powers, Fred S. Ridley, Patrick O. Zalupski, and Anita G. Zucker, all of whom appeal in their official capacities.

Respectfully submitted,

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com

*Counsel for Defendants-Appellants*

Dated: May 5, 2026

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**UNITED FACULTY OF FLORIDA,
et al.,**

***Plaintiff*,**

**v.** **Case No.: 1:24cv136-MW/MAF**

**BRIAN LAMB, in his official capacity
as Chair of the Florida Board of Governors,
et al.,**

***Defendants*.**

_______________________________/

## JUDGMENT

This Court hereby DECLARES that the first two sentences of section 1001.741(2), Florida Statutes, is preempted by the Federal Arbitration Act, 9 U.S.C. § 2. This Court GRANTS Plaintiffs' request for a permanent injunction. Neither Defendants Brian Lamb; Alan Levine; Manny Diaz, Jr.; Ashley Bell Barnett; John Brinkman; Timothy M. Cerio; Aubrey Edge; Patricia Frost; Carson Good; Edward Haddock; Ken Jones; Charles H. Lydecker; Craig Mateer; Jose Oliva; Amanda J. Phalin; Eric Silagy--all in their official capacities as members of the Florida Board of Governors of the State University System--nor Defendants Morteza Hosseini; Rahul Patel; David L. Brandon; Richard P. Cole; Cristopher T. Corr; James W. Heavener; Sarah D. Lynne; Daniel T. OKeefe; Marsha D. Powers; Fred S. Ridley;

Patrick O. Zalupski; Anita G. Zucker; John Brinkman--all in their official capacities as members of the University of Florida Board of Trustees--nor their successors in office, deputies, officers, employees, agents, nor any person in active participation or concert with Defendants shall enforce, nor permit enforcement of, the first two sentences of section 1001.741(2), Florida Statutes as to the University of Florida Chapter of the United Faculty of Florida and its members and any members of the United Faculty of Florida who are also members of the University of Florida Chapter of the United Faculty of Florida. Defendants and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order. Finally, the Florida State University Chapter of the United Faculty of Florida's claims against the members of the Board of Governors and the members of the FSU Board of Trustees are DISMISSED for lack of jurisdiction.

JESSICA J. LYUBLANOVITS
CLERK OF COURT

April 6, 2026
Date

s/A. Tinaya-Miller
Deputy Clerk: A. Tinaya-Miller

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**UNITED FACULTY OF FLORIDA, et al.,**

***Plaintiffs,***

**v.** **Case No.: 1:24cv136-MW/MAF**

**BRIAN LAMB, in his official capacity as Chair of the Florida Board of Governors, et al.,**

***Defendants.***

___________________________/

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This Court has considered, without hearing, Plaintiffs' motion for summary judgment, ECF No. 45, and memorandum in support thereof, ECF No. 46, Defendants' response in opposition and cross-motion for summary judgment, ECF No. 48, the parties' respective replies, ECF Nos. 49 & 50, and Plaintiffs' sur-sur-reply, ECF No. 54. For the reasons stated below, Plaintiffs' motion, ECF No. 45, is due to be granted, and Defendants' motion, ECF No. 48, is due to be denied.

I

This case is a facial challenge by university faculty unions to a Florida law that purportedly bans arbitration of certain employment decisions as guaranteed by

their collective bargaining agreements ("CBAs").[1] At this stage, Plaintiffs are United Faculty of Florida ("UFF") and its chapter at the University of Florida ("UFF-UF"). Together, they challenge a recent Florida law, Section 3 of Senate Bill 266 ("SB 266"), codified at Florida Statutes Section 1001.741(2), which provides that ". . . personnel actions or decisions regarding faculty, including in the areas of evaluations, promotions, tenure, discipline, or termination, may not be appealed beyond the level of a university president or designee. Such actions or decisions must have as their terminal step a final agency disposition, which must be issued in writing to the faculty member, and are not subject to arbitration . . ." § 1001.741(2), Fla. Stat.

Plaintiffs claim this portion of the statute is preempted by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, "and thus invalid." ECF No. 1 ¶¶ 4–5. Plaintiffs bring an action in equity for preemption and seek "a declaration that the Arbitration Ban is invalid with respect to all CBAs governed by the FAA" and a "permanent injunction enjoining Defendants from enforcing the Arbitration Ban in any manner." *Id.* at 30.

At the motion to dismiss stage, this Court found that Plaintiffs UFF-UF and UFF have standing to sue the UF Board of Trustees and Board of Governors and that

---

[1] Plaintiffs also raise an as-applied challenge, *see* ECF No. 46 at 20 n.4, which this Court need not address.

those Plaintiffs can bring their action for FAA preemption in equity but not under 42 U.S.C. § 1983. *See* ECF No. 39. Further, this Court found that Plaintiffs stated a claim that the FAA applies to the CBAs and preempts section 1001.741(2). *Id.*

The parties now cross-move for summary judgment. They agree that no material facts are in dispute and that "this matter can be resolved as a matter of law." ECF No. 48 at 4; ECF No. 49 at 7. Many of their arguments echo those raised previously at the motion to dismiss stage. They again disagree on the issues of standing and preemption, and Defendants again argue Plaintiffs lack a cause of action. In addition, if relief is granted here, the parties disagree on what the scope of that relief should be.

II

Summary judgment is appropriately granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Even when the parties agree on the basic facts, summary judgment is inappropriate if reasonable minds might differ on the inferences to be drawn from those facts." *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986). As it must, this Court accepts the evidence and inferences drawn therefrom in the light most

favorable to the nonmoving party and does not weigh conflicting evidence to resolve disputed factual issues. *Id.* The standards governing cross-motions for summary judgment are the same, although this Court must construe the motions independently, viewing the evidence presented by each moving party in the light most favorable to the nonmovant. *Lozman v. City of Riviera Beach*, 39 F. Supp. 3d 1392, 1404 (S.D. Fla. 2014) (citations omitted). Where material facts are not in dispute, as here, this Court may "resolve purely legal questions" at this stage. *Rodriguez v. Procter & Gamble Co.*, 465 F. Supp. 3d 1301, 1314 (S.D. Fla. 2020) (citation omitted).

III

A

This Court must begin with standing. *See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007) ("Standing, however, is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.") (quotation marks omitted). This Court previously agreed with Defendants that no Plaintiff demonstrated organizational standing but found that both UFF-UF and UFF demonstrated associational standing. *See* ECF No. 39 at 6–13.

Both parties move for summary judgment as to standing. The parties agree that no material facts are in dispute and that "this matter can be resolved as a matter

of law." ECF No. 48 at 4; ECF No. 49 at 7. However, even if the parties agree to the material facts underlying this inquiry, summary judgment may still be inappropriate if they disagree as to the inferences that should be drawn from those facts. *See Clemons v. Dougherty Cnty.*, 684 F.2d 1365, 1369 (11th Cir. 1982). More importantly, the parties' agreement as to material facts does not bind this Court, which has an independent obligation to ensure the requirements of standing are met. To that end, this Court finds here that there are no material facts or inferences in dispute and standing can be resolved as a matter of law.

Associational standing requires each Plaintiff to demonstrate that (1) at least one of its members has Article III standing to sue in their own right, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Wash. Apple Advert. Comm'n*, 432 U.S. 333, 342–43 (1977).

Plaintiffs' motion also "maintain[s] that they have direct standing" because "their contractual rights have been impaired." ECF No. 46 at 28 n.6. To ensure the record was fully developed, this Court ordered supplemental briefing on this issue while the present motions were pending. *See* ECF No. 62. Plaintiffs ultimately moved for reconsideration and briefed this theory of standing as to all Plaintiffs, including UFF-FSU. The motion for reconsideration was denied as to Plaintiff UFF-

FSU, *see* ECF No. 71, but the parties' additional briefing is nonetheless informative for purposes of the present motions.

i

To establish standing, a member must have (1) suffered an injury in fact that is (2) fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "The party invoking federal jurisdiction bears the burden of proving each of these standing elements 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Walters v. Fast AC, LLC*, 60 F.4th 642, 647 (11th Cir. 2023) (citing *Lujan*, 504 U.S. at 555). "Thus, in response to a summary judgment motion, the plaintiff . . . must set forth by affidavit or other evidence specific facts showing he was injured, by the defendant's legal violation, in a manner amenable to judicial relief." *Id.* (citing *Ga. Republican Party v. Secs. & Exch. Comm'n*, 888 F.3d 1198, 1201 (11th Cir. 2018)) (quotation marks omitted). Defendants' motion challenges all three elements of Plaintiffs' members' standing, which this Court will address in turn.

a

First, Defendants argue Plaintiffs have not suffered an injury in fact. The undisputed material facts are these. UFF-UF negotiated and executed a CBA with UF providing for arbitration of grievances. ECF No. 46 ¶¶ 2–13. That CBA expired

on June 30, 2024, and because no new CBA has been agreed to by the parties, it is still in effect. *Id.* ¶ 6; ECF No. 44-4 ¶ 95. Per section 1001.741(2), "personnel actions or decisions regarding faculty, including in the areas of evaluations, promotions, tenure, discipline, or termination . . . are not subject to arbitration." § 1001.741(2), Fla. Stat.

Since the enactment of section 1001.741(2), at least six of UFF-UF's member professors have attempted to grieve employment disputes and have been denied arbitration. *See* ECF 44-4 ¶¶ 24–26. Three professors were terminated, grieved their terminations, then attempted to arbitrate those grievances, and were denied arbitration "under the stated rationale" of section 1001.741(2). *Id.* ¶ 25. Plaintiffs are "still actively attempting to arbitrate" grievances, including those pertaining to prior negative evaluations and their termination. *Id.* ¶¶ 19, 22, 25. Three other professors received negative Post-Tenure Review ("PTR") evaluations and were placed on Performance Improvement Plans ("PIPs"). *Id.* ¶ 26. Those professors filed grievances challenging those negative PTR evaluations, which were rejected. *Id.* ¶¶ 63, 73, 83. Negative PTR evaluations and placement on a PIP may affect subsequent decisions to deny merit raises or terminate that professor. *See id.* ¶¶ 70, 80, 89. If a professor is terminated following a PIP, they may not arbitrate grievances concerning termination, which they could do prior to the enactment of section 1001.741(2). *See id.* ¶ 13.

Here, UFF-UF is injured both directly and on behalf of its members because UFF-UF and its members[2] currently possess a bargained-for contractual right, guaranteed by their operative CBA, to arbitrate, and that right has been nullified by

---

[2] "In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49 (1974); *see also Brisentine v. Stone & Webster Eng'g Corp.*, 117 F.3d 519 (11th Cir. 1997) ("The *Alexander* Court distinguished an employee's individual statutory rights from any contractual rights he may have as an employee under a collective bargaining agreement[.]"); *Pierce v. Fox Mfg. Co.*, 1977 WL 1818, at *1 (N.D. Ga. Dec. 16, 1977) ("An individual employee has standing to protect the rights conferred by collective bargaining agreements.") (citing *Vaca v. Sipes*, 386 U.S. 171, 176 (1967)).

This Court acknowledges that other district courts have distinguished between an individual employee's contractual right to arbitrate and a union's right to arbitrate based upon the language of the operative CBA. For example, if the CBA at issue specifically allows employees to initiate the arbitration process, it "confers upon an employee the individual right to request arbitration." *Mitchell v. Hercules Inc.*, 410 F. Supp. 560, 565 (S.D. Ga. 1976) (collecting cases). Conversely, if the CBA vests the *union* with the exclusive right to pursue arbitration, courts have found that the individual employee does not have that right. *See Loc. Union No. 1 of the United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus. of the U.S. & Canada v. Bass*, 2015 WL 1402884, at *11–12 (E.D.N.Y. Mar. 25, 2015) (collecting cases).

To the extent the existence of Plaintiffs' members' individual contractual rights, as relevant for the standing analysis, turns on the language of the parties' CBA, that language weighs in favor of finding that the members have individual contractual rights under the CBA. UFF-UF and UF's CBA provides that "UFF may, upon the request of the grievant, proceed to arbitration by filing a written notice of the intent to do so on the form shown in APPENDIX D." ECF No. 44-5 § 28.9(a); *see also* ECF No. 66-1 § 20.8(f)(1). Further, "[t]he request for arbitration shall be signed by the grievant and UFF President or designee." ECF No. 44-5 § 28.9(a)(1); *see also* ECF No. 66-1 § 20.8(f)(1). The grievance "may be withdrawn at any time by the grievant or by UFF." ECF No. 44-5 § 28.9(a)(2); *see also* ECF No. 66-1 § 20.8(f)(1). Faculty members may represent themselves, be represented by legal counsel, or be represented by UFF in the grievance process. ECF No. 66-1 § 20.5. This appears to include the arbitration hearing. ECF No. 44-5 § 28.9(e)(1) ("The parties shall provide the arbitrator with the schedules of the grievant, the grievant's representative, the UFF grievance representative (if different from the grievant's representative), the University representative, and the desired witnesses."). The agency afforded to Plaintiffs' members by the CBA therefore counsels toward the existence of an individual contractual right, separate from the contractual right possessed by UFF-UF directly.

section 1001.741(2).[3] *See* ECF No. 44-4 ¶¶ 10–13, 19, 21. This satisfies the injury in fact requirement. *See Alachua Cnty. Educ. Ass'n v. Carpenter*, 757 F. Supp. 3d 1248, 1254 (N.D. Fla. 2024) ("Union Plaintiffs with CBAs have demonstrated an injury in fact—namely, the payroll deduction ban nullifies an express term of their CBAs."). UFF-UF and its members are not only injured in the precise moment that they seek to arbitrate and that request is denied—they are injured by the ongoing deprivation of a contractual benefit they are otherwise entitled to. Therefore, UFF-UF has demonstrated both a direct injury and an associational injury to its members. And, because "[e]ach member of the UFF chapters pays dues directly to UFF and are also members of UFF," ECF No. 44-3 ¶ 8; *see also* ECF No. 44-4 ¶¶ 28, 51, 57, 72, 82, UFF also has demonstrated an associational injury on behalf of its members. Therefore, Plaintiffs have satisfied the injury-in-fact requirement.

b

Defendants next dispute traceability to the Board of Governors. ECF No. 48 at 15–21. As above, the following material facts are not in dispute. Following the enactment of section 1001.741(2), the Board of Governors amended Section (5)(e) of Fla. Stat. And Board of Governors's Regulation 10.003, which governs post-

---

[3] As discussed in this Court's Order on Plaintiffs' Motion for Reconsideration, ECF No. 71, UFF-FSU's posture is distinguishable because UFF-FSU and FSU's CBA has expired and they executed a new CBA which explicitly contemplates section 1001.741's proscription of arbitration and permits arbitration to continue if the law is struck down. Therefore, unlike UFF-UF, section 1001.741 does not nullify any express term of UFF-FSU's CBA.

tenure review and previously included language providing for arbitration, to comport with section 1001.741(2). *See* ECF No. 48 at 16–17 (citing Fla. Stat. And Board of Governors's Regulation 10.003(5)(e)). The amended Regulation further states that, "[f]ollowing subsequent amendments," "universities shall not enter into any collective bargaining agreement that conflicts with this regulation." *Id.* at 16 (citing Fla. Stat. And Board of Governors's Regulation 10.003(7)). If universities are "unwilling or unable" to comply with regulations, the Board of Governors can withhold funding, declare universities ineligible for grants, and veto annual board of trustees budgets. *Id.* at 19 (citing §§ 1008.322(5)(a), Fla. Stat.) (withholding funding appropriated to the Board of Governors for disbursement to state universities), 1008.322(5)(b) (declaring "the state university ineligible for competitive grants disbursed by the Board of Governors"); Fla. Stat. And Board of Governors's Regulation Reg. 9.007 (vetoing annual board of trustee budgets)).

Traceability "is not an exacting standard," but "the requirement is not toothless." *Walters*, 60 F.4th at 650. At summary judgment, Plaintiffs "must at least demonstrate *factual* causation between [their] injuries and the defendant's misconduct." *Id.* (emphasis in original). That is, they "must show that their injury is 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Pernell v. Fla. Bd. of Governors of State Univ. Sys.*, 641 F. Supp. 3d 1218, 1261 (N.D. Fla. 2022) (citing

*Lujan*, 504 U.S. at 560). Traceability is therefore lacking "if the plaintiff would have been injured in precisely the same way without the defendant's alleged misconduct." *Walters*, 60 F.4th at 650 (quotation marks omitted)

The parties do not disagree that general enforcement authority is insufficient to confer traceability and redressability. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1254 (11th Cir. 2020) (recognizing that the Eleventh Circuit has previously rejected litigants' reliance upon "a host of provisions" of state law that "generally describe the [defendant's] enforcement authority to establish traceability" (quotation marks omitted)). Instead, the crux of their disagreement is whether the Board of Governors's amendments to Regulation 10.003 and its ability to punish universities for noncompliance with regulations creates a sufficient thread of traceability between it and Plaintiffs' injury.

Defendants' motion argues Plaintiffs' injury is not traceable to the Board of Governors because the Board of Governors has no role in the enforcement of section 1001.741(2). They argue that the UF Board of Trustees is independently obligated to follow section 1001.741(2), and therefore Plaintiffs "would have been injured in precisely the same way" by the nullification of arbitration provisions regardless of the Board of Governors's role. ECF No. 48 at 19 (citing *City of S. Miami v. Governor*, 65 F.4th 631, 645 (11th Cir. 2023)). According to Defendants, Regulation 10.003 is toothless—it "implement[s]," not "enforce[es]," section 1001.741(2), and

nothing suggests that the Board of Governors "has taken or is imminently going to take steps" to enforce it against UF. *Id.* at 18–19.

Plaintiffs' motion argues that it "makes no difference" that section 1001.741(2) and Regulation 10.003 impose the same restrictions because the Board of Governors "has the authority to enforce the particular provision being challenged." ECF No. 49 at 16. Further, Plaintiffs argue that amending Regulation 10.003 is an affirmative step to enforcing section 1001.741(2).[4] *Id.* at 16–17.

Plaintiffs have the better of the argument. Plaintiffs have produced evidence, which Defendants do not contest, that (1) the Board of Governors amended Regulation 10.003(5)(e) to specifically mandate that universities comply with section 1001.741(2), that (2) the UF Board of Trustees is required by law to comply with the Board of Governors's regulations, and that (3) the UF Board of Trustees' noncompliance can be punished by the Board of Governors via a variety of mechanisms. The fact that the UF Board of Trustees is obligated to follow section 1001.741(2) because it's the law does not mean it's not separately obligated to obey section 1001.741(2) via regulatory mandate from the Board of Governors.

[4] Plaintiffs also claim that "[a]s the Court recognized, however because the Arbitration Ban requires BOG to pass implementing regulations, which led to a regulation binding on all universities, Plaintiffs' injuries are traceable to and redressable by the BOG." ECF No. 49 at 16. In support, they cite this Court's decision in a different case. *Id.* (citing *Pernell v. Fla. Bd. of Governors of State Univ. Sys.*, 641 F. Supp. 3d 1218, 1261–62 (N.D. Fla. 2022)). *Pernell* is distinguishable. No evidence in the record here suggests the challenged law requires the Board of Governors to pass implementing regulations like the challenged law did in *Pernell*.

Accordingly, Plaintiffs have shown the required factual causation between the Board of Governors and the invalidation of their arbitration agreements by section 1001.741(2).

c

Finally, this Court addresses redressability. Traceability and redressability "often travel together." *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021). Here, Plaintiffs' injury is traceable to the Board of Governors because it has enforced section 1001.741(2) by requiring universities to comply via Regulation 10.003. And an injunction prohibiting that enforcement would redress the injury to UFF-UF's members.

An injunction would also afford partial redress to UFF's members. Inasmuch as UFF has members throughout the state who are employed at all twelve state universities, Plaintiffs have demonstrated that an injunction against the Board of Governors would only have a practical effect for UFF's members who are employed at the University of Florida and subject to the CBA discussed at length above. Given that UFF has not sued the other Boards of Trustees for the remaining state universities, those Boards of Trustees not before this Court would still be required to follow the challenged law irrespective of this Court's Order binding the Defendants in this case. Nonetheless, an injunction against the Board of Governors would still serve to prohibit another actor in the enforcement scheme from taking

any action against the University of Florida, which offers partial redress for this subset of UFF's membership. And for standing purposes, "even the ability to effectuate a partial remedy" satisfies the redressability requirement. *Walt Disney Parks & Resorts U.S., Inc. v. DeSantis*, 716 F. Supp. 3d 1216 (N.D. Fla. 2024) (quotation marks omitted). Therefore, because an injunction would partially remedy the injury of UFF as to its members at the University of Florida, UFF has satisfied the redressability requirement.[5]

In sum, based on this record, UFF-UF has demonstrated direct standing and both Plaintiffs have demonstrated that at least one of their members has standing to sue in their own right for purposes of associational standing.

ii

Because Plaintiffs have each established one of their members has standing to sue in their own right, this Court must consider the final requirements of associational standing, which are whether the interests each Plaintiff seeks to protect are germane to the organization's purpose, and whether neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Wash. Apple Advert. Comm'n*, 432 U.S. 333, 342–43 (1977). This

[5] As discussed *infra*, the fact that Plaintiffs have not sued or sought an injunction against all Boards of Trustees at each of the state universities where UFF has members leads this Court to narrow the scope of any injunction due for UFF to only those members who are employed at the University of Florida.

Court acknowledges that Defendants do not dispute these elements. ECF No. 48 at 10–11. Nonetheless, this Court has an independent obligation to ensure Plaintiffs have demonstrated associational standing.

The germaneness requirement "is undemanding and requires mere pertinence between the litigation at issue and the organization's purpose." *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, 855 F. App'x 546, 553 (11th Cir. 2021) (quotation marks omitted). That standard is met here. UFF's Constitution states it was "established . . . in order to achieve certain objectives that are paramount to our individual and collective interests." ECF No. 44-28 at 4. These objectives include "obtain[ing] . . . the rights and privileges to which [its members] are entitled" and taking action to "safeguard rights guaranteed under the Constitution[]." *Id.* UFF-UF's Constitution states it was "established . . . in order to achieve the objectives which are of unique importance for the faculty at the University of Florida," which similarly includes "to protect the rights and privileges to which [its members] are entitled" under the Constitution and Collective Bargaining Agreement. ECF No. 44-29 at 2–3. These provisions demonstrate that the present litigation is an intrinsic part of each Plaintiff's purpose.

And the claims asserted here do not require the individual participation of Plaintiffs' members. Plaintiffs' members need not be made parties to the suit to advance Plaintiffs' claims, nor are they required to craft the declaratory and

injunctive relief sought. *See Greater Birmingham Ministries v. Sec'y of State for State of Alabama*, 992 F.3d 1299, 1316 n.29 (11th Cir. 2021) (third element more easily met when an associational plaintiff seeks prospective relief because "it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured") (quotation marks omitted).

In sum, Plaintiffs have established that they each have standing on behalf of their members, the interests Plaintiffs seek to protect are germane to their purpose, and neither their claims nor the relief sought require the participation of their members individually. Accordingly, both Plaintiffs have associational standing. And, as discussed above, UFF-UF also has direct standing. Therefore, Defendants' motion for summary judgment as to standing is due to be denied.

B

Defendants also argue that Plaintiffs lack a cause of action. ECF No. 48 at 22–26. As with standing, this issue was briefed by the parties at the motion to dismiss stage. *See* ECF No. 39 at 16–29. Plaintiffs originally sought to bring their cause of action for preemption under both section 1983 and in equity. ECF No. 1 ¶ 6. In its Order on Defendants' motion to dismiss, this Court found Plaintiffs could only bring their cause of action in equity. *See* ECF No. 39 at 16–23. Relevant to that determination, over Defendants' objections, this Court found that Plaintiffs' action could proceed in equity because (1) an individual right is not required to proceed in

equity, and therefore, the fact that the FAA does not confer a private right is not fatal to Plaintiffs' claims, and (2) Congress did not intend to foreclose such a cause of action. *Id.* at 23–29.

Defendants challenge these conclusions here. They again argue, as they did at the motion to dismiss stage, that Plaintiffs lack a cause of action because Plaintiffs lack personal rights and because Congress intended to foreclose such a cause of action. ECF No. 48 at 22. These arguments are not convincing. While this Court has considered Defendants' renewed arguments at summary judgment, it is not persuaded to reach a different result than it did at the motion to dismiss stage.[6] This conclusion is bolstered by the fact that other courts have recently recognized equitable causes of action for preemption on similar grounds. *See Farmworker Ass'n of Fla., Inc. v. Uthmeier*, 792 F. Supp. 3d 1306, 1325–31 (S.D. Fla. 2025); *Iowa Migrant Movement for Just. v. Bird*, 157 F.4th 904, 918 (8th Cir. 2025); *United States v. Oklahoma*, 739 F. Supp. 3d 985, 990 (W.D. Okla. 2024). Accordingly, Defendants' motion for summary judgment is due to be denied insofar as Plaintiffs have a cause of action in equity.[7]

---

[6] While this Court will not cut and paste its prior analysis in this Order, it incorporates by reference the relevant portion of its Order on Defendants' motion to dismiss, ECF No. 39 at 16–23, as if fully set forth herein.

[7] Defendants also argue that Plaintiffs cannot sue in equity because such suits "protect[] only those who are 'direct targets of regulation,'" and Plaintiffs are not direct targets of section 1001.741(2) because "[t]he statute applies to universities and faculty members, and Plaintiffs themselves do not seek immunity from state regulation." ECF No. 48 at 26. Not so. The validity

C

This Court moves on to the merits of Plaintiffs' preemption claim. The parties agree there are no material facts in dispute and this Court can resolve the legal question of preemption at summary judgment. *See* ECF No. 46 at 19; ECF No. 48 at 4.

i

As a gating matter, Defendants argue the FAA does not apply to state employment contracts at all. ECF No. 48 at 5–8. Defendants argue that Congressional intent to preempt the "powers of the States" must be "unmistakably clear" in the language of the statute. *Id.* at 5 (quotation marks and citation omitted). Therefore, according to Defendants, because the FAA does not explicitly state that it preempts state employment contracts, it cannot be read to do so. *Id.* at 5–7.

Defendants raised this argument previously in their motion to dismiss. ECF No. 17 at 15–17. At that stage, this Court found it unpersuasive.[8] *See* ECF No. 39 at 30–31. Defendants offer no compelling reason to revisit that conclusion here. The

---

of a cause of action in equity does not "turn on the identity of the plaintiff." *Farmworker Ass'n of Fla., Inc. v. Uthmeier*, 792 F. Supp. 3d 1306 (S.D. Fla. 2025) (citing *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 256 (2011)) (rejecting similar argument that organizational plaintiff was barred from equitable relief because it was not a "direct target of regulation" under the relevant statute).

[8] This Court incorporates by reference the relevant portion of its Order on Defendants' motion to dismiss, ECF No. 39 at 30–31, as if fully set forth herein.

FAA is to be construed liberally in favor of arbitration. *See Wiand v. Schneiderman*, 778 F.3d 917, 922 (11th Cir. 2015). And while it is silent as to state employment contracts, it does affirmatively exclude other types of employment contracts.[9] *See* 9 U.S.C. § 1) ("nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."); *see also Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 106 (2001) ("The better reading of § 1, in accord with the prevailing view in the Courts of Appeals, is that § 1 exempts from the FAA only employment contracts of transportation workers."). Therefore, this Court rejects Defendants' argument that the FAA does not apply to state employment contracts.[10]

---

[9] Defendants also raise the additional argument that the legislative history of the FAA counsels toward this result. ECF No. 48 at 7–8. To support this argument, Defendants appear to have cherry-picked portions of quotes Justice O'Connor included in her dissent in *Southland Corp. v. Keating*, 465 U.S. 1, 21–35 (1984) (O'Connor, J., dissenting). Justice O'Connor used the quotes to support the proposition that Congress "viewed the FAA as . . . applicable only in federal courts . . . ." *Id.* at 25 (O'Connor, J., dissenting).

But that concern is not the issue before this Court in this case. When viewed in their entirety and in context, the excerpted language that Defendants cite appear to be (1) misattributed to legislative history entirely, *see Southland*, 465 U.S. at 27 n.13 (O'Connor, J., dissenting) (attributing quote that the FAA "does not encroach upon the province of the individual States" to "[c]ommentators writing immediately after passage of the Act") and/or (2) inapplicable to the legal issue at hand here, *see id.* at 26–27. Defendants do not elaborate on how these quotes apply here, and this Court is not persuaded that they support the proposition that the FAA does not apply to state employment contracts.

[10] "[W]hether the FAA applies to labor arbitration awards arising out of collective bargaining agreements" is an unsettled legal question in the Eleventh Circuit. *Wiregrass Metal Trades Council AFL-CIO v. Shaw Env't & Infrastructure, Inc.*, 837 F.3d 1083, 1087 n.1 (11th Cir. 2016). Because the Labor Management Relations Act of 1947 ("LMRA") "governs suits to enforce or vacate an arbitration award arising out of a collective bargaining agreement," there is some ambiguity as to whether the FAA also applies to such suits. *Id.*

ii

Next, this Court moves on to the heart of the parties' preemption dispute. The Eleventh Circuit "recognize[s] three types of federal preemption: express preemption, field preemption, and conflict preemption." *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. 2023). Because the Supreme Court has ruled that "[t]he FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration," *see Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989), express and field preemption are not at issue here. That leaves conflict preemption. "[E]ven when Congress has not completely displaced state regulation in an area, state law may nonetheless be pre-empted to the extent that it actually conflicts with federal law—that is, to the extent that it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (quotation marks omitted).

---

Some district courts in this Circuit have subsequently found, when evaluating motions to compel or vacate arbitration, that "[t]he FAA . . . does not apply to collective bargaining agreements." *See, e.g.*, *Parfitt v. Fla. Gulf Coast Univ.*, 2020 WL 1873585, at *5 (M.D. Fla. Apr. 15, 2020); *Hudson v. Univ. of W. Fla. Bd. of Trs.*, 2021 WL 5002623, at *2 (N.D. Fla. Apr. 22, 2021). Despite this broader phrasing, it appears the ambiguity regarding the FAA's application to collective bargaining agreements is confined to suits to compel arbitration and enforce or vacate arbitration awards, which are separately governed by the LMRA. Therefore, nothing suggests this issue is relevant to this case, which does not involve such a claim. Because the parties understandably did not brief the issue, this Court need not address it further.

Relevant here, the FAA states that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2.

The parties disagree as to (1) whether section 1001.741(2) conflicts with and therefore is preempted by the FAA and (2) if it does, whether section 1001.741(2) is preempted as to formation of future arbitration agreements. *See* ECF No. 46 at 13–18; ECF No. 48 at 8–10. This Court will address each question in turn.

a

First, this Court addresses conflict preemption. Plaintiffs argue that section 1001.741(2) conflicts with the FAA and is therefore preempted by it. ECF No. 46 at 13–14. Defendants argue that the FAA does not conflict with section 1001.741(2) and is therefore not preempted. ECF No. 48 at 8. This issue was previously raised at the motion to dismiss stage. *See* ECF No. 17 at 19–21. There, this Court ruled that Plaintiffs had sufficiently alleged that section 1001.741(2) conflicts with the FAA. *See* ECF No. 39 at 35–36.

The parties' arguments at summary judgment largely echo those from the motion to dismiss. Plaintiffs' motion again argues that the FAA preempts state laws

that prohibit arbitration and that section 1001.741(2) "directly conflicts" with the FAA because it "it invalidates and renders unenforceable" the parties' agreements. ECF No. 48 at 22. Defendants again argue that the FAA's purpose is "not to foster arbitration," but instead "is about treating arbitration contracts like all others." ECF No. 48 at 8–9 (citing *Morgan v. Sundance*, 596 U.S. 411, 418 (2022)).

This Court previously found Defendants' argument unpersuasive at the motion to dismiss stage. *See* ECF No. 39 at 35–36. Defendants offer no new evidence or argument at summary judgment that persuades this Court to find differently here. "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011). As before, this Court does not find this principle was cabined or overruled by the Court in *Morgan*, as Defendants argue.[11] *See* 596 U.S. at 418 ("FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules.") (citation omitted); ECF No. 17 at 19–20. Therefore, because section 1001.741(2) provides that "personnel actions or decisions regarding faculty, including in the areas of evaluations, promotions, tenure, discipline, or termination . . . are not subject to arbitration," *see* § 1001.741(2), Fla. Stat., it "prohibits outright

[11] This Court incorporates by reference the relevant portion of its Order on Defendants' motion to dismiss, ECF No. 39 at 35–36, as if fully set forth herein.

the arbitration of a particular type of claim," *see Concepcion*, 563 U.S. at 341, and is preempted by the FAA.

b

Second, the parties disagree as to whether the FAA preempts section 1001.741(2) prospectively, that is, to the extent it bars universities from entering *new* arbitration agreements. *See* ECF No. 46 at 17; ECF No. 48 at 9–10. Plaintiffs argue section 1001.741(2) is preempted not only because it invalidates existing arbitration agreements, but to the extent it prevents formation of future agreements. ECF No. 46 at 17. Defendants argue that, even if the FAA preempts the application of section 1001.741(2) to existing CBAs, it "does not preempt the statute to the extent that it bars universities from entering *new* CBAs that provide for arbitration."[12] ECF No. 48 at 9–10 (emphasis in original).

The Supreme Court has held that, "[b]y its terms," the FAA "cares not only about the enforcement of arbitration agreements, but also about their initial validity—that is, about what it takes to enter into them." *Kindred Nursing Centers Ltd. P'ship v. Clark*, 581 U.S. 246, 254–55 (2017) (cleaned up). In *Kindred Nursing*, the Court held the FAA preempted a state rule prohibiting those with power of attorney for a family member from entering into arbitration agreements on the family member's behalf without express authority. *Id.* at 254–55. It rejected the argument

[12] This Court notes that Defendants offer no citations in support of this proposition.

that the FAA "has no application to contract formation issues." *Id.* at 254 (quotation marks omitted). The Court explained that the FAA "would [] mean nothing at all" if states could declare anyone incompetent to sign an arbitration agreement, even though such a declaration "would address only formation," not enforcement. *Id.* at 255. The import of this holding is that the FAA's principles are just as valid at formation as they are at enforcement. *Id.*; *see also Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996) (FAA preempted state law invalidating arbitration agreements unless they had proper notice on first page).

The Eleventh Circuit has not ruled on whether the FAA preempts state laws that burden formation of arbitration agreements. However, this Court is persuaded by other circuit courts that have reached that conclusion. For example, the Ninth Circuit interpreted *Kindred Nursing* and *Casarotto* to signify that the FAA also applies to state rules that discriminate against the formation of arbitration agreements. *Chamber of Com. of the United States of Am. v. Bonta*, 62 F.4th 473, 484 (9th Cir. 2023). The First and Fourth Circuits have also reached similar results. *See Saturn Distribution Corp. v. Williams*, 905 F.2d 719, 726 (4th Cir. 1990) ("The Federal Arbitration Act does not allow such singular hostility to the formation of arbitration agreements."); *Sec. Indus. Ass'n v. Connolly*, 883 F.2d 1114, 1117, 1123–24 (1st Cir. 1989) (rejecting argument that FAA only applied to state law governing contract validity and enforceability and finding it preempted regulation prohibiting

securities firms form requiring clients to agree to arbitration as a condition precedent to account relationships).

This Court finds the Supreme Court's reasoning in *Kindred Nursing* instructive here and is persuaded by the Ninth Circuit's application of it in *Bonta*. The FAA "requires courts to place arbitration agreements on equal footing with all other contracts." *Kindred Nursing*, 581 U.S. at 248 (quotation marks omitted). It therefore "preempts any state rule discriminating on its face against arbitration." *Id.* at 251. Because section 1001.741(2) would discriminate against arbitration by prohibiting its inclusion in any future CBA, it is also preempted to the extent it does so.

Accordingly, Plaintiffs' motion for summary judgment as to their preemption claim is due to be granted to the extent section 1001.741(2) invalidates existing arbitration agreements and prevents formation of future agreements. Defendants' motion for summary judgment as to Plaintiffs' preemption claim is due to be denied.

D

Finally, this Court addresses the proper scope of relief. The parties dispute two major issues here. They disagree as to (1) whether an injunction enjoining Defendants from enforcing section 1001.741(2) in any manner is overbroad and (2) whether an injunction may properly include Regulation 10.003. This Court will address each issue in turn.

i

First, this Court addresses who may be enjoined. Plaintiffs seek a permanent injunction enjoining Defendants from enforcing section 1001.741(2) in any manner. ECF No. 46 at 19. Defendants argue that relief is overbroad.

Both parties' motions go too far on this issue. Defendants argue that "Plaintiffs have at most established only that a handful of members who work for UF [][13] have injuries," and therefore, "an injunction against UF BOT would redress the injuries that Plaintiffs rely on, and a broader injunction would be improper." ECF No. 48 at 27. The implication here is that an associational plaintiff may only obtain relief as to the specific member(s) it identified when seeking associational standing. Not so. *See Doe v. Trump*, 157 F.4th 36, 80 (1st Cir. 2025) ("To the extent that the Government means to argue that the preliminary injunction may bar enforcement of the EO as to only the two members whom the organizations identified in seeking associational standing, we cannot agree."). Defendants offer no case law to support this argument, and accepting it would render associational standing a nullity.

But Plaintiffs' proposed scope of relief also goes too far. Plaintiffs seek an injunction stopping the Board of Governors from enforcing section 1001.741(2) as

[13] Defendants' motion actually says "Plaintiffs have at most established only that a handful of members who work for UF *BOT* have injuries." ECF No. 48 at 27 (emphasis added). Based on the surrounding context, it's clear to this Court that Defendants meant members who work for UF, not its Board of Trustees.

to UFF's members at all twelve Florida public universities.[14] ECF No. 49 at 11–12. As discussed *supra*, UFF has associational standing based upon the injury to the individualized contractual rights of its members who are also members of UFF-UF. But while associational standing gets UFF's foot in the door to receive merits review, it does not guarantee that it will ultimately receive the full scope of requested relief.

Plaintiffs declined to sue the Boards of Trustees of the rest of the twelve public universities where UFF has members. Herein lies this Court's concern. Plaintiffs essentially deployed UFF as a plaintiff to obtain relief at other state universities without suing, and seeking an injunction against, the other actors in the enforcement puzzle at those universities—namely, the members of the other universities' boards of trustees. Whether this Court's concerns are characterized as a redressability problem or a scope-of-injunction issue, the fact remains that an injunction directed at the Board of Governors as applied to all of UFF's members across the State of Florida would likely have no practical effect for those members who work for other universities and whose Boards of Trustees are not bound by this Order or any other

[14] After the parties' cross motions and replies had been filed, the Supreme Court held explicitly that district courts lack authority to universally enjoin the enforcement of an executive or legislative policy. *Trump v. CASA*, 606 U.S. 831, 861 (2025). Following *CASA*, Plaintiffs filed a sur-sur-reply. ECF No. 54. In a footnote, they argue that *CASA* does not change the calculus because they do not seek a "universal injunction," but instead an injunction only as to the Plaintiffs in this case, which "include UFF and its members at Florida's twelve public universities." *Id.* at 4 n.2.

agreement to permit arbitration in the event the challenged provision is determined to be preempted.

District courts have broad discretion to fashion equitable relief. *See, e.g.*, *LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993). This Court finds that an injunction prohibiting Defendants from enforcing section 1001.741(2) as to UFF-UF, its members, and UFF's members who are also members of UFF-UF is appropriate here. This narrow injunction is limited in scope and comports with *CASA*'s mandate, *see supra* note 16. Namely, the injunction binds only the parties before this Court. It is not a universal injunction or even a statewide injunction. Instead, it runs only to the benefit of UFF-UF, its members, and UFF's members who are also members of UFF-UF.

ii

Second, Defendants argue that Plaintiffs cannot properly seek an injunction of implementing regulations of section 1001.741(2), namely its implementation via Regulation 10.003(5)(e) and (7), because they did not challenge Regulation 10.003 in their Complaint. ECF No. 48 at 16. Plaintiffs' Complaint alleges that the "Board of Governors[] ha[s] issued binding regulations confirming that the Arbitration Ban prohibits both the enforcement of arbitration provisions in public university CBAs and negotiating future contracts containing arbitration provisions." ECF No. 1 ¶ 27. It seeks a "permanent injunction enjoining Defendants from enforcing the

Arbitration Ban in any manner, including but not limited to taking any action to impair Plaintiffs' and their members' existing contractual right to arbitrate grievances before a neutral arbitrator under the operative CBAs; enjoining Defendants from removing or seeking removal of arbitration provisions from operative CBAs based on the Arbitration Ban; and enjoining Defendants from enforcing the Arbitration Ban in future contract negotiations by refusing to negotiate about the availability of arbitration." *Id.* at 30.

Courts may not "grant injunctive relief that is not related to the relief requested in the complaint." *Spagnuolo v. Am. Cas. Co. of Reading*, 2024 WL 3537512, at *4 (S.D. Fla. July 1, 2024) (citing *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997)). But here, Plaintiffs' Complaint sufficiently alleges that the Board of Governors has enforced section 1001.741(2) against them via Regulation 10.003 and their prayer seeks an injunction of enforcement of section 1001.741(2) "in any manner" against Plaintiffs. ECF No. 46 at 19. Therefore, this Court finds Plaintiffs properly sought to enjoin section 1001.741(2)'s implementing regulations though, as discussed *supra*, this Court is ultimately granting a narrower injunction than Plaintiffs proposed.

Accordingly,

**IT IS ORDERED:**

1. Defendants' motion for summary judgment, ECF No. 48, is **DENIED**.
2. Plaintiffs' motion for summary judgment, ECF No. 45, is **GRANTED**.
3. This Court declares that § 1001.741(2), Florida Statutes is preempted by the Federal Arbitration Act, 9 U.S.C. § 2.
4. The Clerk shall enter judgment stating:

"This Court hereby **DECLARES** that section 1001.741(2), Florida Statutes, is preempted by the Federal Arbitration Act, 9 U.S.C. § 2. This Court **GRANTS** Plaintiffs' request for a permanent injunction. Neither Defendants Brian Lamb; Alan Levine; Manny Diaz, Jr.; Ashley Bell Barnett; John Brinkman; Timothy M. Cerio; Aubrey Edge; Patricia Frost; Carson Good; Edward Haddock; Ken Jones; Charles H. Lydecker; Craig Mateer; Jose Oliva; Amanda J. Phalin; Eric Silagy—all in their official capacities as members of the Florida Board of Governors of the State University System—nor Defendants Morteza Hosseini; Rahul Patel; David L. Brandon; Richard P. Cole; Cristopher T. Corr; James W. Heavener; Sarah D. Lynne; Daniel T. O'Keefe; Marsha D. Powers; Fred S. Ridley; Patrick O. Zalupski; Anita G. Zucker; John Brinkman—all in their official capacities as members of the University of Florida Board of Trustees—nor their successors in office,

deputies, officers, employees, agents, nor any person in active participation or concert with Defendants shall enforce, nor permit enforcement of, section 1001.741(2), Florida Statutes as to the University of Florida Chapter of the United Faculty of Florida and its members and any members of the United Faculty of Florida who are also members of the University of Florida Chapter of the United Faculty of Florida. Defendants and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order. Finally, the Florida State University Chapter of the United Faculty of Florida's claims against the members of the Board of Governors and the members of the FSU Board of Trustees are **DISMISSED for lack of jurisdiction**."

5. The Clerk shall close the file.

**SO ORDERED on March 20, 2026.**

**s/Mark E. Walker**
**United States District Judge**

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**UNITED FACULTY OF FLORIDA,**
**et al.,**

***Plaintiffs,***

**v.** **Case No.: 1:24cv136-MW/MAF**

**BRIAN LAMB, in his official capacity**
**as Chair of the Florida Board of Governors,**
**et al.,**

***Defendants.***
_____________________________/

**ORDER GRANTING MOTION FOR CLARIFICATION, VACATING JUDGMENT, AND ENTERING NEW JUDGMENT**

This Court has considered, without hearing, Defendants' unopposed motion seeking clarification and/or relief from judgment. ECF No. 74. Specifically, Defendants seek an amendment of the judgment to reflect an injunction of only the first two sentences of section 1001.741(2), and not the entire section, to comport with the substance of this Court's Order on Cross-Motions for Summary Judgment. Defendants report that Plaintiffs do not oppose Defendants' motion "so long as it is cabined to the third and final sentence of Fla. Stat. 1001.741(2)." *Id.* at 7. While it appears all parties understood this Court's Order and the intended scope of the injunction, this Court agrees that the proposed amendment to the judgment reflects the substance of this Court's Order and makes explicit what was otherwise implicit.

Accordingly,

**IT IS ORDERED:**

1. Defendants' unopposed motion for clarification and/or relief from judgment, ECF No. 74, is **GRANTED**.
2. The Clerk is directed to **VACATE** the judgment, ECF No. 73.
3. The Clerk shall enter a new judgment stating:

"This Court hereby **DECLARES** that the first two sentences of section 1001.741(2), Florida Statutes, is preempted by the Federal Arbitration Act, 9 U.S.C. § 2. This Court **GRANTS** Plaintiffs' request for a permanent injunction. Neither Defendants Brian Lamb; Alan Levine; Manny Diaz, Jr.; Ashley Bell Barnett; John Brinkman; Timothy M. Cerio; Aubrey Edge; Patricia Frost; Carson Good; Edward Haddock; Ken Jones; Charles H. Lydecker; Craig Mateer; Jose Oliva; Amanda J. Phalin; Eric Silagy—all in their official capacities as members of the Florida Board of Governors of the State University System—nor Defendants Morteza Hosseini; Rahul Patel; David L. Brandon; Richard P. Cole; Cristopher T. Corr; James W. Heavener; Sarah D. Lynne; Daniel T. O'Keefe; Marsha D. Powers; Fred S. Ridley; Patrick O. Zalupski; Anita G. Zucker; John Brinkman—all in their official capacities as members of the University of Florida Board of Trustees—nor their successors in office, deputies, officers, employees, agents, nor any

person in active participation or concert with Defendants shall enforce, nor permit enforcement of, the first two sentences of section 1001.741(2), Florida Statutes as to the University of Florida Chapter of the United Faculty of Florida and its members and any members of the United Faculty of Florida who are also members of the University of Florida Chapter of the United Faculty of Florida. Defendants and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order. Finally, the Florida State University Chapter of the United Faculty of Florida's claims against the members of the Board of Governors and the members of the FSU Board of Trustees are **DISMISSED for lack of jurisdiction.**"

5. The Clerk shall close the file.

**SO ORDERED on April 6, 2026.**

**s/Mark E. Walker**
**United States District Judge**

Query Reports Utilities Help

CLOSED,APPEAL,MEDIATION

# U.S. District Court
# Northern District of Florida (Gainesville)
# CIVIL DOCKET FOR CASE #: 1:24-cv-00136-MW-MAF

UNITED FACULTY OF FLORIDA et al v. LAMB et al
Assigned to: JUDGE MARK E WALKER
Referred to: MAGISTRATE JUDGE MARTIN A FITZPATRICK
Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 08/06/2024
Date Terminated: 03/20/2026
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: Federal Question

**Plaintiff**

**UNITED FACULTY OF FLORIDA** represented by

**KIMBERLY CLARK MENCHION**
FLORIDA EDUCATION ASSOCIATION - TALLAHASSEE FL
213 S ADAMS ST
TALLAHASSEE, FL 32301
850-201-3382
Email: kimberly.menchion@floridaea.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MARK H RICHARD**
PHILLIPS RICHARD & RIND PA - MIAMI FL
9360 SW 72ND STREET
SUITE 283
MIAMI, FL 33173
305-412-8322
Fax: 305-412-8299
Email: mrichard@phillipsrichard.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**COREY LYNN STOUGHTON**
SELENDY GAY PLLC - NEW YORK NY
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104
212-390-9036
Email: cstoughton@selendygay.com
*ATTORNEY TO BE NOTICED*

**HANNAH ROSE MILES**
SELENDY GAY PLLC - NEW YORK NY
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104
212-390-9000
Email: hmiles@selendygay.com

*ATTORNEY TO BE NOTICED*

**FAITH ELIZABETH GAY**
SELENDY GAY PLLC - NEW YORK NY
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104
212-390-9000
Fax: 212-390-9399
Email: fgay@selendygay.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA**

represented by **KIMBERLY CLARK MENCHION**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MARK H RICHARD**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**COREY LYNN STOUGHTON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**HANNAH ROSE MILES**
(See above for address)
*ATTORNEY TO BE NOTICED*

**FAITH ELIZABETH GAY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA**

represented by **KIMBERLY CLARK MENCHION**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MARK H RICHARD**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**COREY LYNN STOUGHTON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**HANNAH ROSE MILES**
(See above for address)
*ATTORNEY TO BE NOTICED*

**FAITH ELIZABETH GAY**

(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BRIAN LAMB**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA BOARD OF GOVERNORS*

represented by

**ANITA J PATEL**
FLORIDA ATTORNEY GENERALS OFFICE
COMPLEX LITIGATION
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399
850-414-3694
Email: anita.patel@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
SCHAERR JAFFE LLP - WASHINGTON DC
1717 K STREET NW
SUITE 900
WASHINGTON, DC 20006
202-787-1060
Fax: 202-776-0136
Email: cbartolomucci@schaerr-jaffe.com
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
FLORIDA ATTORNEY GENERAL'S OFFICE
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399-1050
850-414-3695
Email: maryssa.hardy@myfloridalegal.com
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
FLORIDA ATTORNEY GENERAL'S OFFICE
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399
850-414-3300
Email: sara.spears@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALAN LEVINE**
*IN HIS OFFICIAL CAPACITY AS VICE CHAIR OF THE FLORIDA BOARD OF GOVERNORS*

represented by

**ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MANNY DIAZ, JR**
*IN HIS OFFICIAL CAPACITY AS FLORIDA COMMISSIONER OF EDUCATION AND A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ASHLEY BELL BARNETT**
*IN HER OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TIMOTHY M CERIO**
*IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)

*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**AUBREY EDGE**
*IN HER OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PATRICIA FROST**
*IN HER OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**EDWARD HADDOCK**
*IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CARSON GOOD**
*IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN BRINKMAN**
*IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KEN JONES**
*IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CRAIG MATEER**
*IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSE OLIVA**
*IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMANDA J PHALIN**
*IN HER OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ERIC SILAGY**
*IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE FLORIDA BOARD OF GOVERNORS*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PETER COLLINS**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MAXIMO ALVAREZ**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KATHRYN BALLARD**
*IN HER OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRIDGETT BIRMINGHAM**
*IN HER OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JACKSON BOISVERT**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**VIVIAN DE LAS CUEVAS-DIAZ**
*IN HER OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JORGE GONZALEZ**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JIM W HENDERSON**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JUSTIN ROTH**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEBORAH SARGEANT**
*IN HER OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BOB SASSER**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN THIEL**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DREW WEATHERFORD**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MORTEZA HOSSEINI**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RAHUL PATEL**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)

*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID L BRANDON**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN E BRINKMAN**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RICHARD P COLE**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**

(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHRISTOPHER T CORR**

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JAMES W HEAVNER**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SARAH D LYNNE**
*IN HER OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DANIEL T O'KEEFE**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARSHA D POWERS**
*IN HER OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**FRED S RIDLEY**
*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MARYSSA SAVANNAH-LYNN HARDY**
(See above for address)
*TERMINATED: 03/05/2026*

**SARA ELIZABETH SPEARS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **PATRICK O ZALUPSKI**<br>*IN HIS OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES* | represented by | **ANITA J PATEL**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**H CHRISTOPHER BARTOLOMUCCI**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**MARYSSA SAVANNAH-LYNN HARDY**<br>(See above for address)<br>*TERMINATED: 03/05/2026*<br><br>**SARA ELIZABETH SPEARS**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **ANITA G ZUCKER**<br>*IN HER OFFICIAL CAPACITY AS CHAIR OF THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES* | represented by | **ANITA J PATEL**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**H CHRISTOPHER BARTOLOMUCCI**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**MARYSSA SAVANNAH-LYNN HARDY**<br>(See above for address)<br>*TERMINATED: 03/05/2026*<br><br>**SARA ELIZABETH SPEARS**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **CHARLES H LYDECKER**<br>*IN HIS OFFICIAL CAPACITY A MEMBER OF THE FLORIDA BOARD OF GOVERNORS* | represented by | **ANITA J PATEL**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**H CHRISTOPHER BARTOLOMUCCI**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**MARYSSA SAVANNAH-LYNN HARDY**<br>(See above for address)<br>*TERMINATED: 03/05/2026*<br><br>**SARA ELIZABETH SPEARS**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 08/07/2024 | 1 | COMPLAINT against MAXIMO ALVAREZ, KATHRYN BALLARD, DAVID L BRANDON, Ashley Bell Barnett, Bridgett Birmingham, Jackson Boisvert, John E. Brinkman, John Brinkman, TIMOTHY M CERIO, RICHARD P COLE, PETER COLLINS, CHRISTOPHER T CORR, VIVIAN DE LAS CUEVAS-DIAZ, Manny Diaz, Jr., AUBREY EDGE, PATRICIA FROST, JORGE GONZALEZ, Carson Good, EDWARD HADDOCK, JIM W HENDERSON, MORTEZA HOSSEINI, James W Heavner, KEN JONES, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, Sarah D. Lynne, CRAIG MATEER, DANIEL T O'KEEFE, JOSE OLIVA, RAHUL PATEL, AMANDA J PHALIN, MARSHA D POWERS, FRED S RIDLEY, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, ERIC SILAGY, JOHN THIEL, DREW WEATHERFORD, PATRICK O ZALUPSKI, ANITA G ZUCKER ( Filing fee $ 405 receipt number AFLNDC-8939219.), filed by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (Attachments: # 1 Summons for Maximo Alvarez, # 2 Summons for Kathryn Ballard, # 3 Summons for Ashley Bell Barnett, # 4 Summons for Bridget Birmingham, # 5 Summons for Jackson Boisvert, # 6 Summons for David L. Brandon, # 7 Summons for John Brinkman, # 8 Summons for John Brinkman, # 9 Summons for Timothy Cerio, # 10 Summons for Richard P. Cole, # 11 Summons for Peter Collins, # 12 Summons Christopher T. Corr, # 13 Summons for Vivian De Las Cuevas-Diaz, # 14 Summons for Manny Diaz, Jr., # 15 Summons for Aubrey Edge, # 16 Summons for Patricia Frost, # 17 Summons for Jorge Gonzalez, # 18 Summons for Carson Good, # 19 Summons for Edward Haddock, # 20 Summons for James W. Heavener, # 21 Summons for Jim W. Henderson, # 22 Summons for Morteza Hosseini, # 23 Summons for Ken Jones, # 24 Summons for Brian Lamb, # 25 Summons for Alan Levine, # 26 Summons for Charles H. Lydecker, # 27 Summons for Sarah D. Lynne, # 28 Summons for Craig Mateer, # 29 Summons for Daniel T. O'Keefe, # 30 Summons for Jose Oliva, # 31 Summons for Rahul Patel, # 32 Summons for Amanda J. Phalin, # 33 Summons for Marsha D. Powers, # 34 Summons for Fred S. Ridley, # 35 Summons for Justin Roth, # 36 Summons Deborah Sargeant, # 37 Summons for Bob Sasser, # 38 Summons for Eric Silagy, # 39 Summons for John Thiel, # 40 Summons for Drew Weatherford, # 41 Summons for Patrick O. Zalupski, # 42 Summons for Anita G. Zucker, # 43 Exhibit 1: FSU CBA, # 44 Exhibit 2: UF CBA) (GAY, FAITH) (Entered: 08/07/2024) |
| 08/07/2024 | 2 | CIVIL COVER SHEET. (GAY, FAITH) (Entered: 08/07/2024) |
| 08/07/2024 | 3 | MOTION to Appear Pro Hac Vice by Hannah Miles.( Filing fee $ 219 receipt number AFLNDC-8941455.) by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (Attachments: # 1 Exhibit Certificate of Good Standing) (MILES, HANNAH) (Entered: 08/07/2024) |
| 08/07/2024 | 4 | MOTION to Appear Pro Hac Vice by Corey Stoughton.( Filing fee $ 219 receipt number AFLNDC-8941462.) by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (Attachments: # 1 Exhibit Certificate of Good Standing) (STOUGHTON, COREY) (Entered: 08/07/2024) |
| 08/08/2024 | 5 | ORDER ADMITTING HANNAH MILES PRO HAC VICE; granting 3 Motion to Appear Pro Hac Vice (Appointed HANNAH ROSE MILES for FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED |

| | | |
|---|---|---|
| | | FACULTY OF FLORIDA). Signed by CHIEF JUDGE MARK E WALKER on 8/8/2024. (kdm) (Entered: 08/08/2024) |
| 08/08/2024 | 6 | ORDER ADMITTING COREY STOUGHTON PRO HAC VICE; granting 4 Motion to Appear Pro Hac Vice. (Appointed COREY LYNN STOUGHTON for FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA). Signed by CHIEF JUDGE MARK E WALKER on 8/8/2024. (kdm) (Entered: 08/08/2024) |
| 08/08/2024 | 7 | Summons Issued as to All Defendants. (Attachments: # 1 Summons Patrick O Zalupski, # 2 Summons Drew Weatherford, # 3 Summons John Thiel, # 4 Summons Eric Silagy, # 5 Summons Bob Sasser, # 6 Summons Deborah Sargeant, # 7 Summons Justin Roth, # 8 Summons Fred S Ridley, # 9 Summons Marsha D Powers, # 10 Summons Amanda J Phalin, # 11 Summons Rahul Patel, # 12 Summons Jose Oliva, # 13 Summons Daniel T O'Keefe, # 14 Summons Craig Mateer, # 15 Summons Sarah D Lynne, # 16 Summons Charles H Lydecker, # 17 Summons Alan Levine, # 18 Summons Brian Lamb, # 19 Summons Ken Jones, # 20 Summons Morteza Hosseini, # 21 Summons Jim W Henderson, # 22 Summons James W Heavner, # 23 Summons Edward Haddock, # 24 Summons Carson Good, # 25 Summons Jorge Gonzalez, # 26 Summons Patricia Frost, # 27 Summons Aubrey Edge, # 28 Summons Manny Diaz Jr, # 29 Summons Vivian De Las Cuevas-Diaz, # 30 Summons Christopher T Corr, # 31 Summons Peter Collins, # 32 Summons Richard P Cole, # 33 Summons Timothy M Cerio, # 34 Summons John Brinkman Member FL BOG, # 35 Summons John Brinkman UFBOT, # 36 Summons David L Brandon, # 37 Summons Jackson Boisvert, # 38 Summons Bridgett Birmingham, # 39 Summons Ashley Bell Barnett, # 40 Summons Kathryn Ballard, # 41 Summons Maximo Alvarez) (kdm) (Entered: 08/09/2024) |
| 08/09/2024 | 8 | Summons Issued as to ANITA G ZUCKER. (tss) (Entered: 08/09/2024) |
| 08/20/2024 | 9 | SUMMONS Returned Executed by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. MAXIMO ALVAREZ served on 8/13/2024, answer due 9/3/2024; KATHRYN BALLARD served on 8/13/2024, answer due 9/3/2024; BRIDGETT BIRMINGHAM served on 8/13/2024, answer due 9/3/2024; JACKSON BOISVERT served on 8/13/2024, answer due 9/3/2024; PETER COLLINS served on 8/13/2024, answer due 9/3/2024; VIVIAN DE LAS CUEVAS-DIAZ served on 8/13/2024, answer due 9/3/2024; JORGE GONZALEZ served on 8/13/2024, answer due 9/3/2024; JIM W HENDERSON served on 8/13/2024, answer due 9/3/2024; JUSTIN ROTH served on 8/13/2024, answer due 9/3/2024; DEBORAH SARGEANT served on 8/13/2024, answer due 9/3/2024; BOB SASSER served on 8/13/2024, answer due 9/3/2024; JOHN THIEL served on 8/13/2024, answer due 9/3/2024; DREW WEATHERFORD served on 8/13/2024, answer due 9/3/2024. (Attachments: # 1 Affidavit of Service on De Las Cuevas-Diaz, # 2 Affidavit of Service on Collins, # 3 Affidavit of Service on Alvarez, # 4 Affidavit of Service on Ballard, # 5 Affidavit of Service on Roth, # 6 Affidavit of Service on Gonzalez, # 7 Affidavit of Service on Thiel, # 8 Affidavit of Service on Henderson, # 9 Affidavit of Service on Boisvert, # 10 Affidavit of Service on Weatherford, # 11 Affidavit of Service on Sargeant, # 12 Affidavit of Service on Birmingham, # 13 Affidavit of Service on Sasser) (MILES, HANNAH) (Entered: 08/20/2024) |
| 08/20/2024 | 10 | SUMMONS Returned Executed by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. ASHLEY BELL BARNETT served on 8/14/2024, answer due 9/4/2024; JOHN |

| | | |
|---|---|---|
| | | BRINKMAN served on 8/14/2024, answer due 9/4/2024; TIMOTHY M CERIO served on 8/14/2024, answer due 9/4/2024; MANNY DIAZ, JR served on 8/14/2024, answer due 9/4/2024; AUBREY EDGE served on 8/14/2024, answer due 9/4/2024; PATRICIA FROST served on 8/14/2024, answer due 9/4/2024; CARSON GOOD served on 8/14/2024, answer due 9/4/2024; EDWARD HADDOCK served on 8/14/2024, answer due 9/4/2024; KEN JONES served on 8/14/2024, answer due 9/4/2024; BRIAN LAMB served on 8/14/2024, answer due 9/4/2024; ALAN LEVINE served on 8/14/2024, answer due 9/4/2024; CHARLES H LYDECKER served on 8/14/2024, answer due 9/4/2024; CRAIG MATEER served on 8/14/2024, answer due 9/4/2024; JOSE OLIVA served on 8/14/2024, answer due 9/4/2024; AMANDA J PHALIN served on 8/14/2024, answer due 9/4/2024; ERIC SILAGY served on 8/14/2024, answer due 9/4/2024. (Attachments: # 1 Affidavit of Service on Cerio, # 2 Affidavit of Service on Frost, # 3 Affidavit of Service on Diaz, Jr., # 4 Affidavit of Service on Jones, # 5 Affidavit of Service on Oliva, # 6 Affidavit of Service on Brinkman, # 7 Affidavit of Service on Silagy, # 8 Affidavit of Service on Haddock, # 9 Affidavit of Service on Mateer, # 10 Affidavit of Service on Lydecker, # 11 Affidavit of Service on Good, # 12 Affidavit of Service on Lamb, # 13 Affidavit of Service on Edge, # 14 Affidavit of Service on Barnett, # 15 Affidavit of Service on Phalin, # 16 Affidavit of Service on Levine) (MILES, HANNAH) (Entered: 08/20/2024) |
| 08/20/2024 | 11 | SUMMONS Returned Executed by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. DAVID L BRANDON served on 8/15/2024, answer due 9/5/2024; JOHN E BRINKMAN served on 8/15/2024, answer due 9/5/2024; RICHARD P COLE served on 8/15/2024, answer due 9/5/2024; CHRISTOPHER T CORR served on 8/15/2024, answer due 9/5/2024; JAMES W HEAVNER served on 8/15/2024, answer due 9/5/2024; MORTEZA HOSSEINI served on 8/15/2024, answer due 9/5/2024; SARAH D LYNNE served on 8/15/2024, answer due 9/5/2024; DANIEL T O'KEEFE served on 8/15/2024, answer due 9/5/2024; RAHUL PATEL served on 8/15/2024, answer due 9/5/2024; MARSHA D POWERS served on 8/15/2024, answer due 9/5/2024; FRED S RIDLEY served on 8/15/2024, answer due 9/5/2024; PATRICK O ZALUPSKI served on 8/15/2024, answer due 9/5/2024; ANITA G ZUCKER served on 8/15/2024, answer due 9/5/2024. (Attachments: # 1 Affidavit of Service on Zucker, # 2 Affidavit of Service on Brandon, # 3 Affidavit of Service on Brinkman, # 4 Affidavit of Service on Cole, # 5 Affidavit of Service on Corr, # 6 Affidavit of Service on Heavner, # 7 Affidavit of Service on Hosseini, # 8 Affidavit of Service on Lynne, # 9 Affidavit of Service on O'Keefe, # 10 Affidavit of Service on Patel, # 11 Affidavit of Service on Powers, # 12 Affidavit of Service on Ridley, # 13 Affidavit of Service on Zalupski) (MILES, HANNAH) (Entered: 08/20/2024) |
| 08/27/2024 | 12 | NOTICE of Appearance by ANITA J PATEL on behalf of All Defendants (PATEL, ANITA) (Entered: 08/27/2024) |
| 08/27/2024 | 13 | MOTION JOINT MOTION TO ESTABLISH BRIEFING SCHEDULE by MAXIMO ALVAREZ, KATHRYN BALLARD, ASHLEY BELL BARNETT, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, DAVID L BRANDON, JOHN E BRINKMAN, JOHN BRINKMAN, TIMOTHY M CERIO, RICHARD P COLE, PETER COLLINS, CHRISTOPHER T CORR, VIVIAN DE LAS CUEVAS-DIAZ, MANNY DIAZ, JR, AUBREY EDGE, PATRICIA FROST, JORGE GONZALEZ, CARSON GOOD, EDWARD HADDOCK, JAMES W HEAVNER, JIM W HENDERSON, MORTEZA HOSSEINI, KEN JONES, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, SARAH D LYNNE, CRAIG MATEER, DANIEL T O'KEEFE, JOSE OLIVA, RAHUL PATEL, AMANDA J PHALIN, MARSHA D POWERS, FRED S RIDLEY, JUSTIN ROTH, DEBORAH SARGEANT, |

| | | |
|---|---|---|
| | | BOB SASSER, ERIC SILAGY, JOHN THIEL, DREW WEATHERFORD, PATRICK O ZALUPSKI, ANITA G ZUCKER. (PATEL, ANITA) (Entered: 08/27/2024) |
| 08/28/2024 | 14 | ORDER ADOPTING 13 PROPOSED BRIEFING SCHEDULE. (Defendants' deadline to respond to the complaint is on or before **9/25/2024**., Plaintiffs' deadline to file their opposition to Defendants' response is due on or before **10/29/2024**., Defendants' reply is due on or before **11/12/2024**). Signed by CHIEF JUDGE MARK E WALKER on 8/28/2024. (kdm) (Entered: 08/28/2024) |
| 09/23/2024 | 15 | Defendant's Unopposed MOTION for Extension of Time to File Response as to 1 Complaint by MAXIMO ALVAREZ, KATHRYN BALLARD, ASHLEY BELL BARNETT, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, DAVID L BRANDON, JOHN E BRINKMAN, JOHN BRINKMAN, TIMOTHY M CERIO, RICHARD P COLE, PETER COLLINS, CHRISTOPHER T CORR, VIVIAN DE LAS CUEVAS-DIAZ, MANNY DIAZ, JR, AUBREY EDGE, PATRICIA FROST, JORGE GONZALEZ, CARSON GOOD, EDWARD HADDOCK, JAMES W HEAVNER, JIM W HENDERSON, MORTEZA HOSSEINI, KEN JONES, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, SARAH D LYNNE, CRAIG MATEER, DANIEL T O'KEEFE, JOSE OLIVA, RAHUL PATEL, AMANDA J PHALIN, MARSHA D POWERS, FRED S RIDLEY, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, ERIC SILAGY, JOHN THIEL, DREW WEATHERFORD, PATRICK O ZALUPSKI, ANITA G ZUCKER. (PATEL, ANITA) Modified on 9/23/2024 to edit title (kdm). (Entered: 09/23/2024) |
| 09/23/2024 | 16 | ORDER GRANTING UNOPPOSED MOTION FOR EXTENSION. Defendants' unopposed motion for extension of time to respond to the complaint. ECF No. 15 . Defendants' deadline to respond to the complaint is extended to **on or before 10/2/2024**. Plaintiffs' deadline to file their opposition to Defendants' response is extended to **on or before 11/5/2024**. Defendants' deadline to file their reply is due **on or before 11/19/2024**. Signed by CHIEF JUDGE MARK E WALKER on 9/23/2024. (atm) (Entered: 09/23/2024) |
| 10/02/2024 | 17 | MOTION to Dismiss *Plaintiffs' Complaint* by MAXIMO ALVAREZ, KATHRYN BALLARD, ASHLEY BELL BARNETT, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, JOHN E BRINKMAN, JOHN BRINKMAN, TIMOTHY M CERIO, RICHARD P COLE, PETER COLLINS, CHRISTOPHER T CORR, VIVIAN DE LAS CUEVAS-DIAZ, MANNY DIAZ, JR, AUBREY EDGE, PATRICIA FROST, JORGE GONZALEZ, EDWARD HADDOCK, JAMES W HEAVNER, JIM W HENDERSON, MORTEZA HOSSEINI, KEN JONES, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, SARAH D LYNNE, CRAIG MATEER, DANIEL T O'KEEFE, JOSE OLIVA, RAHUL PATEL, AMANDA J PHALIN, MARSHA D POWERS, FRED S RIDLEY, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, ERIC SILAGY, JOHN THIEL, DREW WEATHERFORD, PATRICK O ZALUPSKI, ANITA G ZUCKER. (Internal deadline for referral to judge if response not filed earlier: **10/16/2024**). (Attachments: # 1 Exhibit Exhibit A - Article 20 Grievance Procedure and Arbitration) (PATEL, ANITA) (Entered: 10/02/2024) |
| 10/03/2024 | 18 | INITIAL SCHEDULING ORDER. Signed by CHIEF JUDGE MARK E WALKER on 10/3/2024. Fed.R.Civ.P. 7.1 Corporate Disclosure Statement Deadline set for **10/17/2024**. Status Report due by **11/3/2024** and every 30 days thereafter. Rule 26 Meeting Report due by **11/18/2024**. Discovery due by **1/31/2025**. (kdm) Modified on 10/4/2024 to edit text (kdm). (Entered: 10/03/2024) |
| 10/18/2024 | | ACTION NO LONGER REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 17 MOTION to Dismiss Plaintiffs' Complaint - Response due 10/16/2024. (***None filed to date.***) (kdm) |

| | | |
|---|---|---|
| | | Modified to reflect response is not due until 11/5/2024 on 10/18/2024 (baf). (Entered: 10/18/2024) |
| 10/18/2024 | 19 | NOTICE of Appearance by MARYSSA SAVANNAH-LYNN HARDY on behalf of All Defendants (HARDY, MARYSSA) (Entered: 10/18/2024) |
| 10/24/2024 | 20 | MOTION to Stay *Discovery* by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (HARDY, MARYSSA) (Entered: 10/24/2024) |
| 10/25/2024 | 21 | ORDER DENYING 20 MOTION TO STAY DISCOVERY. Signed by CHIEF JUDGE MARK E WALKER on 10/25/2024. (erl) (Entered: 10/25/2024) |
| 11/04/2024 | 22 | JOINT STATUS REPORT. (GAY, FAITH) Modified to edit title on 11/4/2024 (rcb). (Entered: 11/04/2024) |
| 11/04/2024 | | Set Deadline- Status Report due by **11/18/2024**. (rcb) (Entered: 11/04/2024) |
| 11/05/2024 | 23 | NOTICE of Appearance by SARA ELIZABETH SPEARS on behalf of PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE (SPEARS, SARA) (Entered: 11/05/2024) |
| 11/05/2024 | 24 | Plaintiffs' MEMORANDUM of Law in Opposition to 17 MOTION to Dismiss *Plaintiffs' Complaint* filed by UNITED FACULTY OF FLORIDA, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) Modified on 11/7/2024 to edit title (kdm). (Entered: 11/05/2024) |
| 11/05/2024 | 25 | DECLARATION of C Stoughton in Support of Plaintiff's Opposition to Defendant's 17 MOTION to Dismiss *Plaintiffs' Complaint* filed by UNITED FACULTY OF FLORIDA, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (Attachments: # 1 Exhibit 1) (STOUGHTON, COREY) Modified on 11/6/2024 to edit title (kdm). (Entered: 11/05/2024) |
| 11/08/2024 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **12/3/2024**. (kdm) (Entered: 11/08/2024) |

| | | |
|---|---|---|
| 11/13/2024 | 26 | REPORT of Rule 26(f) Planning Meeting. (GAY, FAITH) (Entered: 11/13/2024) |
| 11/14/2024 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 26 Report of Rule 26(f) Planning Meeting. (kdm) (Entered: 11/14/2024) |
| 11/14/2024 | 27 | SCHEDULING AND MEDIATION ORDER Re: 26 Report of Rule 26(f) Planning Meeting. (Discovery due by **5/30/2025**., Dispositive Motions to be filed by **6/20/2025**., Mediation Report due by **7/11/2025**., Bench Trial set for **10/6/2025 08:30 AM** in U.S. Courthouse Gainesville before CHIEF JUDGE MARK E WALKER.) Case referred to mediation. Signed by CHIEF JUDGE MARK E WALKER on 11/14/2024. (kdm) (Entered: 11/14/2024) |
| 11/19/2024 | 28 | Defendants' REPLY in Support of Their 17 MOTION to Dismiss Plaintiffs' 1 Complaint by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE re 17 MOTION to Dismiss *Plaintiffs' Complaint*, 16 Order,,, Set Deadlines/Hearings,, *DEFENDANTS REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS COMPLAINT*. (PATEL, ANITA) Modified on 11/20/2024 to edit title (kdm). (Entered: 11/19/2024) |
| 11/20/2024 | 29 | NOTICE *OF TRIAL CONFLICT* by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE re 27 Scheduling Order,, Case Referred to Mediation, (PATEL, ANITA) (Entered: 11/20/2024) |
| 11/26/2024 | 30 | RULE 26 Disclosures by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, |

| | | |
|---|---|---|
| | | BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (PATEL, ANITA) (Entered: 11/26/2024) |
| 11/26/2024 | 31 | RULE 26 Disclosures by UNITED FACULTY OF FLORIDA, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) (Entered: 11/26/2024) |
| 12/04/2024 | 32 | Joint STATUS REPORT by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (PATEL, ANITA) Modified on 12/4/2024 to edit title (kdm). (Entered: 12/04/2024) |
| 12/04/2024 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **1/3/2025**. (kdm) (Entered: 12/04/2024) |
| 01/03/2025 | 33 | STATUS REPORT by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) (Entered: 01/03/2025) |
| 01/09/2025 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **2/3/2025**. (kdm) (Entered: 01/09/2025) |
| 02/03/2025 | 34 | STATUS REPORT by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, |

| | | |
|---|---|---|
| | | CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) (Entered: 02/03/2025) |
| 02/05/2025 | | Reset Deadlines - Status Report due by **3/3/2025**. (atm) (Entered: 02/05/2025) |
| 03/03/2025 | 35 | Joint STATUS REPORT by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) Modified on 3/4/2025 to edit title (kdm). (Entered: 03/03/2025) |
| 03/04/2025 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **4/3/2025**. (kdm) (Entered: 03/04/2025) |
| 03/13/2025 | 36 | Parties' Joint MOTION TO ABROGATE MEDIATION REQUIREMENT by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (PATEL, ANITA) Modified on 3/14/2025 to edit title (kdm). (Entered: 03/13/2025) |
| 03/14/2025 | 37 | ORDER GRANTING JOINT MOTION TO ABROGATE MEDIATION REQUIREMENT. The motion 36 is GRANTED. The mediation requirement is hereby ABROGATED. If the parties wish to discuss settlement, they may do so, but they are not required to mediate this case. Signed by CHIEF JUDGE MARK E WALKER on 3/14/2025. (atm) (Entered: 03/14/2025) |
| 04/03/2025 | 38 | Joint STATUS REPORT by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT |

| | | |
|---|---|---|
| | | BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) Modified on 4/4/2025 to edit title (kdm). (Entered: 04/03/2025) |
| 04/04/2025 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **5/3/2025**. (kdm) (Entered: 04/04/2025) |
| 04/11/2025 | 39 | ORDER GRANTING IN PART AND DENYING IN PART 17 MOTION TO DISMISS. Signed by CHIEF JUDGE MARK E WALKER on 4/11/2025. (kdm) (Entered: 04/11/2025) |
| 05/05/2025 | 40 | Joint STATUS REPORT by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) Modified on 5/6/2025 to edit title (kdm). (Entered: 05/05/2025) |
| 05/06/2025 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **6/3/2025**. (kdm) (Entered: 05/06/2025) |
| 05/15/2025 | 41 | MOTION DEFENDANTS MOTION TO FILE OUT OF TIME ANSWER by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (Attachments: # 1 Exhibit Exhibit 1 - Defendants' Answer) (PATEL, ANITA) (Entered: 05/15/2025) |

| | | |
|---|---|---|
| 05/15/2025 | 42 | ORDER GRANTING MOTION TO FILE ANSWER. Defendants' unopposed motion to file an answer out of time. ECF No. 41 is GRANTED. Defendants shall file their answer as a separate docket entry **on or before 5:00 p.m. (ET) on Monday, 5/19/2025**. Signed by CHIEF JUDGE MARK E WALKER on 5/15/2025. (atm) (Entered: 05/15/2025) |
| 05/15/2025 | 43 | *Defendants'* ANSWER to 1 Complaint,,,,,,,,, by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (PATEL, ANITA) (Entered: 05/15/2025) |
| 05/19/2025 | 44 | *NOTICE OF EXHIBITS IN SUPPORT OF 45 MOTION FOR SUMMARY JUDGMENT* by UNITED FACULTY OF FLORIDA, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48) (STOUGHTON, COREY) Modified on 5/20/2025 - to clarify document title (atm). (Entered: 05/19/2025) |
| 05/19/2025 | 45 | MOTION for Summary Judgment by UNITED FACULTY OF FLORIDA, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (Internal deadline for referral to judge if response to summary judgment not filed earlier: **6/9/2025)**. (STOUGHTON, COREY) (Entered: 05/19/2025) |
| 05/19/2025 | 46 | MEMORANDUM in Support re 45 MOTION for Summary Judgment filed by UNITED FACULTY OF FLORIDA, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) (Entered: 05/19/2025) |
| 06/03/2025 | 47 | STATUS REPORT by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY |

| | | |
|---|---|---|
| | | OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) (Entered: 06/03/2025) |
| 06/06/2025 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **7/3/2025**. (kdm) (Entered: 06/06/2025) |
| 06/09/2025 | 48 | Defendants' RESPONSE in Opposition to Plaintiffs' 45 MOTION for Summary Judgment *and Cross Motion for Summary Judgment* filed by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (Attachments: # 1 Declaration of Emily Sikes) (PATEL, ANITA) Modified on 6/10/2025 to edit title and edit the event to be a pending motion (kdm). (Entered: 06/09/2025) |
| 06/16/2025 | 49 | Plaintiffs' REPLY in Support of Their 45 MOTION for Summary Judgment filed by UNITED FACULTY OF FLORIDA, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) Modified on 6/17/2025 to edit title (kdm). (Entered: 06/16/2025) |
| 06/23/2025 | 50 | Defendants' REPLY in Support of Their 48 MOTION for Summary Judgment by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE . (PATEL, ANITA) Modified on 6/24/2025 to edit title (kdm). (Entered: 06/23/2025) |
| 06/24/2025 | 51 | Plaintiff's MOTION to Strike Docket Entry 50 REPLY, by UNITED FACULTY OF FLORIDA, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (Internal deadline for referral to judge if response not filed earlier: **7/8/2025**). (STOUGHTON, COREY) Modified on 6/25/2025 to edit title (kdm). (Entered: 06/24/2025) |
| 06/25/2025 | 52 | ORDER DENYING MOTION TO STRIKE. Plaintiffs' motion to strike, ECF No. 51 , is DENIED. The Plaintiffs have leave to file a sur-sur-reply on or before Monday, **7/7/2025**. Signed by JUDGE MARK E WALKER on 6/25/2025. (atm) (Entered: 06/25/2025) |
| 07/03/2025 | 53 | STATUS REPORT *(Joint)*. by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB |

| | | |
|---|---|---|
| | | SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) (Entered: 07/03/2025) |
| 07/03/2025 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **8/3/2025**. (kdm) (Entered: 07/03/2025) |
| 07/07/2025 | 54 | Plaintiffs' Sur-Sur-REPLY in Support of Their 45 MOTION for Summary Judgment filed by UNITED FACULTY OF FLORIDA, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) Modified on 7/8/2025 to edit title (kdm). (Entered: 07/07/2025) |
| 08/01/2025 | 55 | STATUS REPORT *(Joint)* by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) (Entered: 08/01/2025) |
| 08/01/2025 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **9/3/2025**. (kdm) (Entered: 08/01/2025) |
| 08/22/2025 | 56 | ORDER REMOVING CASE FROM TRIAL DOCKET. This case is currently set for a bench trial on October 6, 2025. This Court, on its own motion, directs the Clerk to REMOVE this case from the trial calendar. This Court will set this case for a status conference and reset pretrial deadlines, if necessary, after ruling on the pending motions. Signed by JUDGE MARK E WALKER on 8/22/2025. (atm) (Entered: 08/22/2025) |
| 09/03/2025 | 57 | STATUS REPORT *(Joint)* by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, |

| | | |
|---|---|---|
| | | ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) (Entered: 09/03/2025) |
| 10/03/2025 | 58 | Joint STATUS REPORT by PATRICIA FROST, EDWARD HADDOCK, CARSON GOOD, JOHN BRINKMAN, KEN JONES, CRAIG MATEER, JOSE OLIVA, AMANDA J PHALIN, ERIC SILAGY, PETER COLLINS, UNITED FACULTY OF FLORIDA, MAXIMO ALVAREZ, KATHRYN BALLARD, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, VIVIAN DE LAS CUEVAS-DIAZ, JORGE GONZALEZ, JIM W HENDERSON, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, JOHN THIEL, DREW WEATHERFORD, MORTEZA HOSSEINI, RAHUL PATEL, DAVID L BRANDON, JOHN E BRINKMAN, RICHARD P COLE, CHRISTOPHER T CORR, JAMES W HEAVNER, SARAH D LYNNE, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA, DANIEL T O'KEEFE, MARSHA D POWERS, FRED S RIDLEY, PATRICK O ZALUPSKI, ANITA G ZUCKER, CHARLES H LYDECKER, BRIAN LAMB, ALAN LEVINE, MANNY DIAZ, JR, ASHLEY BELL BARNETT, TIMOTHY M CERIO, AUBREY EDGE. (STOUGHTON, COREY) Modified on 10/6/2025 to edit title (kdm). (Entered: 10/03/2025) |
| 10/06/2025 | | RESet Deadline per 18 INITIAL SCHEDULING ORDER: Joint Status Report due by **11/3/2025**. (kdm) (Entered: 10/06/2025) |
| 11/03/2025 | 59 | Joint STATUS REPORT by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) Modified on 11/4/2025 to edit title (kdm). (Entered: 11/03/2025) |
| 12/03/2025 | 60 | Joint STATUS REPORT by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) (Entered: 12/03/2025) |
| 01/02/2026 | 61 | Joint STATUS REPORT by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) Modified on 1/5/2026 to edit title (kdm). (Entered: 01/02/2026) |
| 01/27/2026 | 62 | ORDER REQUIRING PLAINTIFF UFF-FSU'S RESPONSE re 45 , 48 MOTION for Summary Judgment. ( UFF-FSU shall file a notice on or before **Friday, 1/30/2026**). Signed by JUDGE MARK E WALKER on 1/27/2026. (kdm) (Entered: 01/27/2026) |
| 01/30/2026 | 63 | Plaintiff UFF-FSU'S RESPONSE to Dkt No 62 ORDER REQUIRING PLAINTIFF UFF-FSU'S RESPONSE by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA . (GAY, FAITH) Modified on 2/1/2026 to edit title (kdm). (Entered: 01/30/2026) |
| 02/02/2026 | 64 | Joint STATUS REPORT by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) Modified on 2/2/2026 (kdm). (Entered: 02/02/2026) |
| 02/02/2026 | 65 | ORDER REGARDING MOTION FOR RECONSIDERATION. Inasmuch Plaintiff UFF-FSU wishes to file a motion for reconsideration of this Court's Order on |

| | | |
|---|---|---|
| | | Defendants' motion to dismiss, it must do so **on or before 2/12/2026**. Defendants shall file a response thereto **on or before 2/23/2026**. The Clerk is directed to TERMINATE the pending motions for summary judgment, ECF Nos. 45 and 48 . Signed by JUDGE MARK E WALKER on 2/2/2026. (atm) (Entered: 02/02/2026) |
| 02/12/2026 | 66 | Plaintiff's MOTION for Reconsideration re 39 Order by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (Attachments: # 1 Exhibit 1) (STOUGHTON, COREY) Modified on 2/13/2026 to edit title (kdm). (Entered: 02/12/2026) |
| 02/23/2026 | 67 | Defendants' RESPONSE in Opposition to 66 Plaintiffs' MOTION for Reconsideration re 39 Order filed by MAXIMO ALVAREZ, KATHRYN BALLARD, ASHLEY BELL BARNETT, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, DAVID L BRANDON, JOHN E BRINKMAN, JOHN BRINKMAN, TIMOTHY M CERIO, RICHARD P COLE, PETER COLLINS, CHRISTOPHER T CORR, VIVIAN DE LAS CUEVAS-DIAZ, MANNY DIAZ, JR, AUBREY EDGE, PATRICIA FROST, JORGE GONZALEZ, CARSON GOOD, EDWARD HADDOCK, JAMES W HEAVNER, JIM W HENDERSON, MORTEZA HOSSEINI, KEN JONES, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, SARAH D LYNNE, CRAIG MATEER, DANIEL T O'KEEFE, JOSE OLIVA, RAHUL PATEL, AMANDA J PHALIN, MARSHA D POWERS, FRED S RIDLEY, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, ERIC SILAGY, JOHN THIEL, DREW WEATHERFORD, PATRICK O ZALUPSKI, ANITA G ZUCKER. (PATEL, ANITA) Modified on 2/24/2026 to edit title (kdm). (Entered: 02/23/2026) |
| 03/04/2026 | 68 | Joint STATUS REPORT by FLORIDA STATE UNIVERSITY CHAPTER OF THE UNITED FACULTY OF FLORIDA, UNITED FACULTY OF FLORIDA, UNIVERSITY OF FLORIDA CHAPTER OF THE UNITED FACULTY OF FLORIDA. (STOUGHTON, COREY) Modified on 3/4/2026 to edit title (kdm). (Entered: 03/04/2026) |
| 03/05/2026 | 69 | MOTION to Withdraw as Counsel by MAXIMO ALVAREZ, KATHRYN BALLARD, ASHLEY BELL BARNETT, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, DAVID L BRANDON, JOHN E BRINKMAN, JOHN BRINKMAN, TIMOTHY M CERIO, RICHARD P COLE, PETER COLLINS, CHRISTOPHER T CORR, VIVIAN DE LAS CUEVAS-DIAZ, MANNY DIAZ, JR, AUBREY EDGE, PATRICIA FROST, JORGE GONZALEZ, CARSON GOOD, EDWARD HADDOCK, JAMES W HEAVNER, JIM W HENDERSON, MORTEZA HOSSEINI, KEN JONES, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, SARAH D LYNNE, CRAIG MATEER, DANIEL T O'KEEFE, JOSE OLIVA, RAHUL PATEL, AMANDA J PHALIN, MARSHA D POWERS, FRED S RIDLEY, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, ERIC SILAGY, JOHN THIEL, DREW WEATHERFORD, PATRICK O ZALUPSKI, ANITA G ZUCKER. (HARDY, MARYSSA) Modified on 3/5/2026 to edit title (kdm). (Entered: 03/05/2026) |
| 03/05/2026 | 70 | ORDER GRANTING 69 MOTION TO WITHDRAW AS COUNSEL. Attorney MARYSSA SAVANNAH-LYNN HARDY terminated. Signed by JUDGE MARK E WALKER on 3/5/2026. The Clerk shall disconnect Maryssa Hardy from CM/ECF in this case. (kdm) (Entered: 03/05/2026) |
| 03/17/2026 | 71 | ORDER DENYING 66 MOTION FOR RECONSIDERATION. Signed by JUDGE MARK E WALKER on 3/17/2026. (kdm) (Entered: 03/17/2026) |
| 03/20/2026 | 72 | ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT. Defendants' motion for summary judgment, ECF No. 48 , is DENIED. Plaintiffs' motion for summary judgment, ECF No. 45 , is GRANTED. The Clerk shall enter judgment stating: "This |

| | | |
|---|---|---|
| | | Court hereby DECLARES that section 1001.741(2), Florida Statutes, is preempted by the Federal Arbitration Act, 9 U.S.C. § 2. This Court GRANTS Plaintiffs' request for a permanent injunction. Neither Defendants Brian Lamb; Alan Levine; Manny Diaz, Jr.; Ashley Bell Barnett; John Brinkman; Timothy M. Cerio; Aubrey Edge; Patricia Frost; Carson Good; Edward Haddock; Ken Jones; Charles H. Lydecker; Craig Mateer; Jose Oliva; Amanda J. Phalin; Eric Silagy--all in their official capacities as members of the Florida Board of Governors of the State University System--nor Defendants Morteza Hosseini; Rahul Patel; David L. Brandon; Richard P. Cole; Cristopher T. Corr; James W. Heavener; Sarah D. Lynne; Daniel T. OKeefe; Marsha D. Powers; Fred S. Ridley; Patrick O. Zalupski; Anita G. Zucker; John Brinkman--all in their official capacities as members of the University of Florida Board of Trustees--nor their successors in office, deputies, officers, employees, agents, nor any person in active participation or concert with Defendants shall enforce, nor permit enforcement of, section 1001.741(2), Florida Statutes as to the University of Florida Chapter of the United Faculty of Florida and its members and any members of the United Faculty of Florida who are also members of the University of Florida Chapter of the United Faculty of Florida. Defendants and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order. Finally, the Florida State University Chapter of the United Faculty of Florida's claims against the members of the Board of Governors and the members of the FSU Board of Trustees are DISMISSED for lack of jurisdiction." The Clerk shall close the file. Signed by JUDGE MARK E WALKER on 3/20/2026. (atm) (Entered: 03/20/2026) |
| 03/20/2026 | 73 | **VACATED** per 75 Order - CLERK'S JUDGMENT re 72 Order on Cross-Motions for Summary Judgment. (atm) Modified on 4/6/2026 (atm). (Entered: 03/20/2026) |
| 04/06/2026 | 74 | Defendant's Unopposed MOTION for Relief From Judgment re 72 ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT, 73 CLERK'S JUDGMENT, by MAXIMO ALVAREZ, KATHRYN BALLARD, ASHLEY BELL BARNETT, BRIDGETT BIRMINGHAM, JACKSON BOISVERT, DAVID L BRANDON, JOHN E BRINKMAN, JOHN BRINKMAN, TIMOTHY M CERIO, RICHARD P COLE, PETER COLLINS, CHRISTOPHER T CORR, VIVIAN DE LAS CUEVAS-DIAZ, MANNY DIAZ, JR, AUBREY EDGE, PATRICIA FROST, JORGE GONZALEZ, CARSON GOOD, EDWARD HADDOCK, JAMES W HEAVNER, JIM W HENDERSON, MORTEZA HOSSEINI, KEN JONES, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, SARAH D LYNNE, CRAIG MATEER, DANIEL T O'KEEFE, JOSE OLIVA, RAHUL PATEL, AMANDA J PHALIN, MARSHA D POWERS, FRED S RIDLEY, JUSTIN ROTH, DEBORAH SARGEANT, BOB SASSER, ERIC SILAGY, JOHN THIEL, DREW WEATHERFORD, PATRICK O ZALUPSKI, ANITA G ZUCKER. (Attachments: # 1 Exhibit A - Email: Statement of Notice re: enjoining of 1001.741 (2) (2003), # 2 Exhibit B - Union's post hearing brief for Impasse Case SM-25-026 (PERC), # 3 Exhibit C - Union's Partial Acceptance and Partial Rejection of Special Magistrate Recommendations on Impasse Case SM-25-026 (PERC)) (SPEARS, SARA) Modified on 4/6/2026 to edit title (kdm). (Entered: 04/06/2026) |
| 04/06/2026 | 75 | ORDER GRANTING MOTION FOR CLARIFICATION, VACATING JUDGMENT, AND ENTERING NEW JUDGMENT. Defendants' unopposed motion for clarification and/or relief from judgment, ECF No. 74 , is GRANTED. The Clerk is directed to VACATE the judgment, ECF No. 73 . The Clerk shall enter a new judgment stating: "This Court hereby DECLARES that the first two sentences of section 1001.741(2), Florida Statutes, is preempted by the Federal Arbitration Act, 9 U.S.C. § 2. This Court GRANTS Plaintiffs' request for a permanent injunction. Neither Defendants Brian |

| | | |
|---|---|---|
| | | Lamb; Alan Levine; Manny Diaz, Jr.; Ashley Bell Barnett; John Brinkman; Timothy M. Cerio; Aubrey Edge; Patricia Frost; Carson Good; Edward Haddock; Ken Jones; Charles H. Lydecker; Craig Mateer; Jose Oliva; Amanda J. Phalin; Eric Silagy--all in their official capacities as members of the Florida Board of Governors of the State University System--nor Defendants Morteza Hosseini; Rahul Patel; David L. Brandon; Richard P. Cole; Cristopher T. Corr; James W. Heavener; Sarah D. Lynne; Daniel T. OKeefe; Marsha D. Powers; Fred S. Ridley; Patrick O. Zalupski; Anita G. Zucker; John Brinkman--all in their official capacities as members of the University of Florida Board of Trustees--nor their successors in office, deputies, officers, employees, agents, nor any person in active participation or concert with Defendants shall enforce, nor permit enforcement of, the first two sentences of section 1001.741(2), Florida Statutes as to the University of Florida Chapter of the United Faculty of Florida and its members and any members of the United Faculty of Florida who are also members of the University of Florida Chapter of the United Faculty of Florida. Defendants and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order. Finally, the Florida State University Chapter of the United Faculty of Florida's claims against the members of the Board of Governors and the members of the FSU Board of Trustees are DISMISSED for lack of jurisdiction." The Clerk shall close the file. Signed by JUDGE MARK E WALKER on 4/6/2026. (atm) (Entered: 04/06/2026) |
| 04/06/2026 | 76 | CLERK'S JUDGMENT re 75 Order granting Motion for Clarification, Vacating Judgment, and Entering New Judgment. (atm) (Entered: 04/06/2026) |
| 05/05/2026 | 77 | NOTICE of Appearance by H CHRISTOPHER BARTOLOMUCCI on behalf of ASHLEY BELL BARNETT, DAVID L BRANDON, JOHN E BRINKMAN, JOHN BRINKMAN, TIMOTHY M CERIO, RICHARD P COLE, CHRISTOPHER T CORR, MANNY DIAZ, JR, AUBREY EDGE, PATRICIA FROST, CARSON GOOD, EDWARD HADDOCK, JAMES W HEAVNER, MORTEZA HOSSEINI, KEN JONES, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, SARAH D LYNNE, CRAIG MATEER, DANIEL T O'KEEFE, JOSE OLIVA, RAHUL PATEL, AMANDA J PHALIN, MARSHA D POWERS, FRED S RIDLEY, ERIC SILAGY, PATRICK O ZALUPSKI, ANITA G ZUCKER (BARTOLOMUCCI, H) (Entered: 05/05/2026) |
| 05/05/2026 | 78 | NOTICE OF APPEAL as to 76 Clerk's Judgment, 72 Order,,,,,,, 75 Order,,,,,,,, by ASHLEY BELL BARNETT, DAVID L BRANDON, JOHN E BRINKMAN, JOHN BRINKMAN, TIMOTHY M CERIO, RICHARD P COLE, CHRISTOPHER T CORR, MANNY DIAZ, JR, AUBREY EDGE, PATRICIA FROST, CARSON GOOD, EDWARD HADDOCK, JAMES W HEAVNER, MORTEZA HOSSEINI, KEN JONES, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, SARAH D LYNNE, CRAIG MATEER, DANIEL T O'KEEFE, JOSE OLIVA, RAHUL PATEL, AMANDA J PHALIN, MARSHA D POWERS, FRED S RIDLEY, ERIC SILAGY, PATRICK O ZALUPSKI, ANITA G ZUCKER. ( (Filing fee $ 605.) (Attachments: # 1 Exhibit 1: Judgment (Doc. 76), # 2 Exhibit 2: Order on Cross-Mots. Summary Judgment (Doc. 72), # 3 Exhibit 3: Order (Doc. 75)) (BARTOLOMUCCI, H) (Entered: 05/05/2026) |